86  305
108  188

RICHARD H. STEVENS v. WILLIAM W. HANNAN.

*Bills and notes—Negotiability—Assignment to joint maker—Contribution—Action by indorsee.*

1. One of several joint makers of a promissory note, to whom it is assigned by the payee, cannot, by its indorsement before maturity to a third party, convey any right except to bring suit for contribution, the appearance of his name as one of the makers being sufficient notice to his indorsee.

2. If the effect of the *assignment* of a promissory note is to make it thereafter non-negotiable, the assignee can bring suit thereon in his own name under the statute; and if such is not the effect, the indorsement of the note in blank by the assignee, and its delivery to a third party, entitles him, as holder, to bring suit in his own name.

Error to Wayne. (Hosmer, J.)  Argued May 13, 1891. Decided June 5, 1891.

*Assumpsit.* Plaintiff brings error.  Affirmed.  The facts are stated in the opinion.

*Bowen, Douglas & Whiting,* for appellant, contended:

1. The words, "for value received, I hereby assign all interest in and to this note to Ralph E. Watson," do not affect or limit the negotiability of the note, and were sufficient, by the subsequent indorsement of Watson, to pass title to Stevens as purchaser for value before maturity, and this action can be maintained in his name; citing Tied. Com. Pap. § 265; Rand. Com. Pap. § 704; 2 Pars. Notes & Bills, 53; Story, Pr. Notes, §§ 121, 142; *Sears v. Lantz,* 47 Iowa, 658; *Adams v. Blethen,* 66 Me. 19; *Vanzant v. Arnold,* 31 Ga. 210; *Shelby v. Judd,* 24 Kan. 161; *Dixon v. Clayville,* 44 Md. 573; *Richards v. Frankum,* 9 Car. & P. 221; *Leavitt v. Putnam,* 3 N. Y. 494; Danl. Neg. Inst, § 699.

2. An indorsement is a separate contract, and the obligations of the parties to it are to be determined according to the law of

86 MICH—20.

the state where it was made and first became effectual; citing
Edw. Bills, § 381; *Everett v. Vendryes*, 19 N. Y. 436; *Brown
v. Finance Co.*, 31 Fed. Rep. 516; and in Ohio, where this
indorsement was made, the holder, Stevens, would be entitled
to bring an action in his own name, for a promissory note
there is negotiable by delivery, and without indorsement, giving
the right of action to the holder; citing *Avery v. Latimer*, 14
Ohio, 542; Rev. Stat. Ohio, §§ 3171, 3172.

3. Should it be held that this indorsement is on its face restrictive,
and destroys the negotiability of the note, then—

*a*—Evidence should have been admitted to show that these
words were purely accidental, and not intender by the indorsee
or indorser to limit such negotiability citing *Farwell v. Ensign*,
66 Mich. 600; *Avery v. Miller*, 76 Ala. 495; *Cahal v. Frierson*,
3 Humph. 411; *Slack v. Kirk*, 67 Penn. St. 380; the sole ques-
tion being as to their intention at the time of their indorse-
ment; citing *Farr v. Ricker*, 46 Ohio St. 265.

*b*—But if the indorsement is held to destroy such negotia-
bility, the plaintiff, being the assignee of the non-negotiable
instrument, could bring suit in his own name under the
statute; citing *Bank v. Carson*, 60 Mich. 432; *Draper v.
Fletcher*, 26 Id. 154; *Wetmore v. Neuberger*, 44 Id. 362.

4. Although the original payee may restrain the negotiability of a
promissory note by indorsement or otherwise, yet a subsequent
indorsee may give it currency and negotiability from him, and
then its negotiable quality recommences; citing *Carruth v.
Walker*, 8 Wis. 252; *Long v. Smyser*, 3 Iowa, 266; *Seymour v.
Van Slyck*, 8 Wend. 403; *Cromwell v. Hewitt*, 40 N. Y. 491;
*Perkins v. Catlin*, 11 Conn. 213; *Castle v. Candee*, 16 Id. 223;
*Kuntz v. Tempel*, 48 Mo. 71.

*H. E. Spalding* (*John D. Conely*, of counsel), for
defendant Hannan, contended:

1. It is settled in this State that the assignee of a negotiable instru-
ment must sue in the name of the payee; citing How. Stat. §
7344; *Redmond v. Stansbury*, 24 Mich. 445, *Robinson v. Wil-
kinson*, 38 Id. 299; *Spinning v. Sullivan*, 48 Id. 5.

2. We arrive at the intention of parties by a logical process based
on facts capable of preception by the senses of others, and
such facts may be given in evidence. But an intention cannot
be so perceived, and, until given such expression as may be so
perceived, it is for all legal purposes non-existent; citing *White
v. Corlies*, 46 N. Y. 467.

3. The intention to which Watson undertook to testify was imma-

terial, and its oral expression, if such there was, would also be immaterial. The law regards what the parties *did*, not their unembodied intentions, and an oral expression of an understanding that this writing should be considered an indorsement, if admissible on other grounds, would be unavailing, for an indorsement must be in writing; citing Danl. Neg. Inst. § 666; *Bank v. Taylor*, 100 Mass. 18; *Haskell v. Mitchell*, 53 Me. 468.

4. The evidence at most establishes nothing but a mistake in law, which cannot be shown; citing *Holmes v. Hall*, 8 Mich. 66; *Martin v. Hamlin*, 18 Id. 354; *Macklem v. Bacon*, 57 Id. 342; *Tompkins v. Hollister*, 60 Id. 485; *Cook v. Brown*, 62 Id. 473; *Bank v. Taylor*, 100 Mass. 18.

5. All joint makers are discharged by the discharge of one; citing Danl. Neg. Inst. § 1294; and the identity of names of the names of the maker and indorser raises a presumption of identity of person, and apprised plaintiff of the fact of payment; citing *Goodell v. Hibbard*, 32 Mich. 47; *Campbell v. Wallace*, 46 Id. 320.

McGRATH, J. Defendants Hannan, Coolican, and Watson executed and delivered to defendant Batchelder, in part payment for some land, the following note:

"$1,300.00. TOLEDO, O., Nov. 1, 1887.

"On or before one year after date we promise to pay to the order of Wm. M. Batchelder thirteen hundred (1,300) dollars, at Toledo, O., value received, with interest at the rate of 6 per cent. per annum, payable semi-annually.

"WILLIAM W. HANNAN.
"JAMES S. COOLICAN.
"RALPH E. WATSON."

On the 4th of November, 1887, Batchelder transferred the note to Watson by written assignment of the note on the back thereof, as follows:

"TOLEDO, OHIO, Nov. 4, 1887.

"For value received, I hereby assign all interest in and to this note to Ralph E. Watson.
"W. M. BATCHELDER."

Watson transferred it in turn to the plaintiff, for

value, before maturity, by writing his name on the back, and delivering it to him.

The declaration was on the common counts, with a copy of the note and the writings on its back appended, with the usual notice. On the trial a count was added, averring an assignment of the note from Watson to plaintiff. Defendants had judgment, and plaintiff appeals.

The defendant Hannan upon the trial insisted—

1. That the plaintiff could not sue in his own name, but should have brought suit in the name of the payee.

2. That the note, being transferred to Watson, one of the makers, was paid, and therefore could not again be put in circulation so as to charge defendant Hannan in a suit upon it.

I do not think that the first point is well taken. If the effect of Batchelder's indorsement was to make the note thereafter non-negotiable, then the assignment from Watson to plaintiff entitled plaintiff to sue in his own name under the statute, and, if Batchelder's indorsement did not affect its negotiability, then Watson's indorsement entitled plaintiff, as holder of the note, to sue in his own name.

The second point raised is well taken. Watson, while the note was in his possession under the assignment or indorsement to him, could not have brought suit, except for contribution, and he could not, by assignment or indorsement, convey any greater right than he himself had. His name appearing as one of the makers was sufficient notice to plaintiff.

The judgment below is affirmed, with costs.

The other Justices concurred.