RICHARD H. STEVENS v. WILLIAM W. HANNAN.

[See 86 Mich. 305.]

*Re-issue of note—Payment—Bona fide holder.*

1. Upon a re-examination of the record and of the questions involved, the Court finds no reason for changing its former opinion, reported in 86 Mich. 305.

2. The following general propositions are summarized from the opinion of Mr. Justice McGRATH:

   *a*—A single promisor may re-issue his own note, and cannot be allowed to set up a prior payment as a defense.

   *b*—An indorser who is not directly liable may take up and re-issue a note, the promisor not being in such case prejudiced.

   *c*—When a note is paid by one of two joint promisors, who is directly liable thereon for its whole amount, the prior contract cannot be revived against his co-signers; citing *Hopkins v. Farwell*, 32 N. H. 429; *Patch v. King*, 29 Me. 448; and it has been held to be immaterial whether the re-issue is made before or after the maturity of the note; citing *Gordon v. Wansey*, 21 Cal. 77.

Application by plaintiff for rehearing of case reported in 86 Mich. 305. Submitted June 29, 1891. Rehearing denied October 9, 1891. The facts are stated in the opinion.

*Bowen, Douglas & Whiting,* for motion.

*H. E. Spalding (John D. Conely,* of counsel), *contra.*

McGRATH, J. Upon a re-examination of the record, and the questions involved herein, I find no reason to change the opinion heretofore filed. The note in this case was payable on or before one year from its date. Watson, plaintiff's assignor, was one of the joint makers. Watson took by assignment, indorsed upon the note, from the payee. Plaintiff had notice of Watson's rela-

tions to the note, and when he received the note from Watson he had notice that the note had been issued to Batchelder, that it had been taken up by Watson, and through Watson plaintiff acquired it.

A single promisor may re-issue his own note, and he cannot be allowed to set up a prior payment as a defense. An indorser who is not directly liable may take up a note, and re-issue it. The promisor, in such case, is not prejudiced. But when one of two joint promisors, who is directly liable upon the note for its whole amount, pays such note, the prior contract cannot be afterwards revived against his co-signers. *Hopkins v. Farwell,* 32 N. H. 429; *Patch v. King,* 29 Me. 448. And it has been held that it is immaterial whether, in such case, the re-issue is made before or after maturity. *Gordon v. Wansey,* 21 Cal. 77.

In *Eckert v. Cameron,* 43 Penn. St. 120, the note was offered for discount on the day of its date, and the court in that case, after discussing the cases, say:

"The cases hold there is nothing in the fact that an acceptor or maker of an indorsed note has it in his possession, and offers it for discount before its maturity, to give notice to a purchaser of its payment or extinguishment. Their doctrine is that one who discounts such a note for the maker before it is due, according to its tenor, is an innocent holder for value, and is entitled to recover against any of the parties to it."

In the present case, however, the note matured before the expiration of the year, at the option of the makers. Plaintiff had notice of its issue, and that Watson had taken it up. He cannot be said to be an innocent holder. The makers of this note had jointly agreed to pay it, and, further, that, in case of payment by either, the others should contribute. The contract jointly to pay was extinguished when the note was taken up by Watson, and the obligation to contribute, of which

plaintiff had notice, took its place. The others then became severally liable to Watson, and it does not matter that the right to enforce contribution did not ripen until the expiration of the year. The former contract would not be revived by a transfer of the note by Watson to plaintiff.

The motion for a rehearing must be denied.

The other Justices concurred.