Avery Planter Co. v. Rigg.

---

## Avery Planter Company v. J. L. & W. D. Rigg.

1. WARRANTY—*Questions of Fact.*—The question as to whether the fact that a threshing machine did not properly clean the grain and separate it from the chaff and straw, was attributable to its improper construction, or the failure of the person operating it to handle the machine as required by the warranty, is for the determination of the jury.

2. NOTICE—*Under a Contract of Warranty.*—If a person entitled to notice in a particular manner, under the terms of a contract of warranty, voluntarily accepts a different notice and acts upon it as being in compliance therewith, he will be held to have waived the literal compliance with the contract in giving notice.

**Memorandum.**—Assumpsit on a promissory note. In the Circuit Court of McDonough County; the Hon. CHARLES J. SCOFIELD, Judge, presiding. Trial by jury; verdict and judgment for defendant; appeal by plaintiff. Heard in this court at the November term, 1894, and affirmed. Opinion filed February 11, 1895.

HARRIS & FLACK and WHEAT & MELOAN, attorneys for appellant.

APPELLEES' BRIEF, NEECE & SON AND BAILY & HOLLY, ATTORNEYS.

Where, in a written agreement of warranty on a threshing machine, it was stipulated that if within three days after it was set up and started it should not work as warranted, the buyer should at once discontinue its use and notify the seller in writing and wait for the seller to send a man to right it, and within that time an agent representing the company and authorized to make necessary repairs and changes, appears and undertakes the same, the required notice is waived. Mass. Loan & Trust Co. v. Welch, 47 Minn. 83; 49 N. W. Rep. 740; Sandwich Mfg. Co. v. Trindle (Iowa), 33 N. W. Rep. 79; Champion Machine Co. v. Martin (Kansas), 22 Pac. Rep. 417; C. Aultman & Co. v. Troudt (Neb.), 42 N. W. Rep. 1024; Havana Pressed Drill Co. v. Scurlock, 23 Ill. App. 426.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The appellant company sold to the appellees a separator, stacker, etc., for threshing grain, and delivered therewith its written warranty that the machinery, " with proper handling, after carefully observing and intelligently following our directions stenciled upon the machine and printed ＊ ＊ ＊ will do as good work in threshing grain as any other machine in the United States." The appellees executed a note in part payment of the machinery. This was an action

to recover upon the note. The defense was an alleged breach of the warranty in this, that the separator failed to separate the grain from the chaff and straw or to properly clean it. The defense was successfully urged in the trial court and the company appealed. We find that it was abundantly proven that the machinery did not properly clean the grain and separate it from the chaff and straw. The appellees insisted that the failure of the machinery to operate satisfactorily was attributable to the improper construction or arrangement of the fans and riddles. The appellant company urged that it resulted from the failure of the appellees to observe and follow the directions printed and stenciled upon the machine and to properly handle the machinery, as was required to be done by the express terms of the warranty. This contention presented an issue of fact for the jury to decide. The evidence bearing upon it though not free from conflict preponderated decidedly, as we think, in favor of the appellees. A breach of the warranty was thereby established. Counsel for the appellant company insist that the warranty by its express terms depended upon certain precedent conditions to be performed by the appellees, and that they wholly failed in the performance thereof, whereby the company became absolved from its obligation. The provisions of the warranty as to these alleged precedent conditions are as follows: "If the purchaser after so doing (*i. e.*, properly handling the machinery according to the direction pointed out or stenciled on the separator), after a trial of ten days, is unable to make the engine or separator, as the case may be, satisfy this warranty, a written notice by telegraph or by registered letter shall at once be given to the Avery Planter Co., at Peoria, Illinois, and also to the party from whom it was purchased, stating specifically wherein it fails to satisfy this warranty, and a reasonable time shall be given to said company to send a competent person to remedy the defect, if any there be (if it be of such a nature that a remedy can not be suggested by letter), and the undersigned hereby agrees to render necessary and friendly assistance. Failure

to make such trial, or to give such notices in any respect, or the use of the machinery above, or any part thereof, after the expiration of the time named in this warranty, shall be conclusive evidence of the fulfillment of the warranty on the part of said company, and that the machinery is satisfactory to the purchaser.

If the company shall, at the purchaser's request, render assistance of any kind in operating, or delivering, or starting said machinery, or any part thereof, or in remedying any defects either before or after said ten days trial, such assistance shall in no case be deemed a waiver of, or excuse for any failure of the purchaser to fully keep and perform the conditions of this warranty, and if said man sent shall not leave the machinery or any part thereof satisfying this warranty, the purchaser shall immediately give notice by telegraph or letter to Avery Planter Co., Peoria, Ill., stating specifically the failure complained of."

The appellant company urges that appellees did not give written notice by telegraph or registered letter to the Avery Planter Company at Peoria, Ill., stating specifically wherein the machinery failed to satisfy the warranty, and that as provided by the warranty the failure to give such notice conclusively bound the appellees to accept the machinery as satisfactory and estopped them from asserting that it failed to fulfill the warranty. It is true that notice was not given in literal compliance with the warranty. The evidence showed that the appellees in the afternoon of the first day that the separator was in use, verbally notified the local agent of the company that it would not do good work. He at once advised the company. It received the notice, accepted and acted upon it. It sent a representative at once to inspect the machinery and remedy any defect that might be found and make it do good work. He arrived on the third day after the machinery had been in use and seems to have diligently endeavored for the next two days thereafter to put the machine in proper running condition. While so engaged he applied to the company for and received from it specific directions for remedying

the defects. But even with the aid of such instructions he was unable to overcome the difficulty which seemed to be in the faulty construction or arrangement of the fans and riddles, and finally advised the appellant company that a skilled workman should be dispatched from its shop in Peoria. The company complied with his request, but the skill of this workman also proved unavailing, though he examined the machinery and changed the riddles and readjusted other parts of the separator on three or more different days. At his request the appellees tried for several days to use the machinery but it failed to do good work and they returned it to the agents of the company through whom they contracted for it. The company was entitled to demand notice as specified in the warranty, but it voluntarily accepted the notice that was given and treated and acted upon it as being in all respects in compliance therewith, and must be held to have waived literal compliance with the contract of warranty.

The appellees retained the possession of the machinery and used or attempted to use it for more than ten days. Counsel for appellant company contend that under the terms of the contract the retention of the machinery for more than ten days conclusively established that it fulfilled the requirement of the warranty. We do not so understand the contract. The proper construction is that the machinery should be tested or tried within ten days, and if the purchaser failed to test it within that time, or if he did test it and failed within that time to complain to the company that it was insufficient or defective, it should be conclusively presumed that it fully met and fulfilled the warranty. The appellees subjected the machinery to trial at once and on the first day discovered that it was not as warranted, and on that day gave notice thereof in a manner acceptable to the company, though not in literal compliance with the contract. No unfavorable presumption, therefore, arose against them. The ruling of the court in giving and refusing to give instructions were, we think, correct in every material respect. The judgment is right upon the merits. It will be affirmed.