## Horace Dollarhide v. John H. Hopkins.

1. PROMISSORY NOTES—*Purging of Defenses by Assignment.*—The holder of a promissory note having knowledge of an equitable defense which the maker may have had to it at the time he received it, can not purge it of such defense by merely assigning it to a third party and receiving it back, at a subsequent time.

2. NOTICE—*Waived by Conduct of the Parties.*—A notice required by the terms of a warranty upon the sale of a machine, may be waived by the conduct of the parties entitled to such notice.

**Assumpsit,** on promissory notes. Appeal from the Circuit Court of Edgar County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 2, 1897.

J. W. HOWELL and J. E. DYAS, attorneys for appellant.

DUNDAS & O'HAIR and H. S. TANNER, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is a suit on two promissory notes, executed by appellee to M. Rumely & Co., and assigned to appellant before

maturity.   June 23, 1892, appellant, as agent of Rumely &
Co., an Indiana corporation engaged in manufacturing grain
separators, sold to appellee, for $430, a separator for thresh-
ing small grain, for which the notes sued on were executed.
There was a general warranty that the machine properly
handled would thresh and clean grain as well as any other
separator of like size in the United States.   It was also
provided in the said instrument that if the machine failed
to perform in accordance with the warranty, notice in
writing of such failure should be given to M. Rumely & Co.
at LaPorte, Indiana, and to the local agent, Dollarhide,
within one week from the time of starting it, when an
opportunity should be given to remedy defects, etc.

The machine was put up and started in the threshing· of
wheat about the 5th of July, and in that work seemed to
perform quite well.   But when appellee, on the 20th day of
July, began threshing oats he found it not suited to that
kind of work.   It would not clean properly, and wasted
great quantities of grain.   Appellee at once notified appel-
lant, who wrote Rumely & Co., and a man was sent to
examine the machine and put it in condition for good serv-
ice about August 1st.   The machine failing to do the work
properly, appellee again notified appellant, and about Sep-
tember 15th Rumely & Co. sent a second man who attempted
to make the machine work properly, but he failed.   Appel-
lee again notified appellant and insisted upon the machine
being put in working order.   He saw him several times, and
told him that unless it was made to do work properly, he
would not keep it.   No further attempts were made by
appellant or Rumely & Co. to make it work, and appellee
returned it to appellant and demanded his notes.

The suit was defended upon the ground that there was a
breach of the warranty whereby the consideration for the
notes had failed, and that appellant knew it at the time he
purchased the notes.   The defense prevailed and judgment
was entered against the plaintiff for costs.   The evidence
abundantly shows there was a breach of the warranty and
that appellant knew it at the time he purchased the notes;

but it is contended that appellee could not avail of such defense, because he failed to take advantage of the warranty and notify Rumely & Co. in writing within one week after starting the machine.

It seems that he did notify appellant, and Rumely & Company were also notified immediately after appellee ascertained that the machine would not properly thresh oats. It also appears from the testimony of appellee that appellant promised him that he would not deliver the notes that he had executed to Rumely & Company until after appellee had had a full opportunity of testing the efficiency of the separator in all kinds of small grain. In other words, that the written contract between appellee and Rumely & Company was not to take effect until after appellee had had full opportunity to test. This was denied by appellant, but it was the peculiar province of the jury to decide where the truth was on that matter. If appellant did make such a promise, it may properly be replied that the condition for furnishing a written notice, within the week after starting the machine, was waived.

No objection was made by Rumely & Company either in July, August or September, that no notice in writing had been given of the failure of the machine, but they acted on the notice received, and appellant acted as though the warranty was in full force.

The notes in question were endorsed by Rumely & Company to appellant September 1, 1892, and endorsed by him to the First National Bank of Paris about 11th or 12th of September, but were afterward, and before the commencement of this suit, re-endorsed to the bank by appellant. It is contended, therefore, that even if it be held that there was a failure of consideration by reason of the breach of the warranty, and the condition for notifying Rumely in writing within one week after starting the machine was waived, then such defense can not prevail because appellant, when he received the notes from the bank, received them purged of all defense. In other words the position is that a party having full knowledge of the defense which a maker may

have to a promissory note at the time he received it, may purge it of an equitable defense by merely assigning the notes to a third party and receiving them back at a subsequent time. We can not give our countenance to such a doctrine. Judgment affirmed.