DETERMINED IN THE

## THIRD DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1909.

---

### Richard Snell and George K. Ingham, Appellees, v. M. L. Davis et al., Appellants.

1. NEGOTIABLE INSTRUMENTS—*what operates to extinguish.* The assignment of a note to one of several joint makers operates to extinguish the same.

2. ALTERATION OF INSTRUMENTS—*what material.* The alteration of a promissory note by erasing the signature of one of several joint makers without consent of the others, is material and operates to render the same void.

3. ALTERATION OF INSTRUMENTS—*how question of materiality determined.* It is for the court to determine as a matter of law whether the alteration of an instrument is material.

4. ALTERATION OF INSTRUMENTS—*what does not cure unauthorized alteration.* The restoration of an instrument to its original form after an unauthorized material allegation therein, will not avail to revive the instrument and give it force.

Assumpsit. Appeal from the Circuit Court of De Witt county; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1908. Reversed and remanded. Opinion filed May 18, 1909.

JOHN FULLER, HERRICK & HERRICK and L. O. WILLIAMS, for appellants.

WILLIAM MONSON and LEMON & LEMON, for appellees.

MR. JUSTICE BAUME delivered the opinion of the court.

On May 14, 1902, the appellants, M. L. Davis and fourteen other persons, together with J. I. Everson and William White, executed their joint and several promissory note for $800 payable to William Eaton Moore or bearer, on or before January 1, 1903, said note being one of a series of three notes each for the like amount given by said makers in consideration for a stallion purchased by them from said Moore. Appellees brought suit against all of the said makers of said note to recover the amount alleged to be due thereon, and upon the trial, at the close of all the evidence, the court gave to the jury a peremptory instruction to find the issues in favor of appellees and to assess their damages against appellants and said Everson at $663.37. Upon the verdict returned by the jury in obedience to such instruction, judgment was entered against all of the makers of said note except the said White, who was then deceased.

Appellants sought to interpose two defenses to the action: First, that said note was sold by the payee Moore to J. I. Everson, one of the makers, and that upon the purchase of said note by said Everson the same was thereby discharged and extinguished; and, second, that said note had been materially altered by said Everson without the knowledge and consent of his co-makers.

It is established by the evidence that the negotiations for the sale and purchase of the stallion were conducted by one Davlin, acting as agent for Moore, and Everson acting on behalf of the makers of the note; that the note was signed by all of the purchasers including Everson in blank as to the amount and time of payment; that when the terms of the purchase were agreed upon Everson filled in the blanks in the note in conformity with such agreement, and that immediately prior to the delivery of said note by Everson to Davlin, or immediately thereafter, Everson, without the

knowledge or consent of his co-makers, erased his name on the note as one of the makers thereof; that when the note was thereafter delivered to the payee Moore by his agent Davlin, Moore refused to accept the same without the signature of Everson thereon and that the latter thereupon re-signed the same; that on May 26, 1902, appellees, partners, doing business as The People's Bank of Kenney, received by mail from the Springfield Marine Bank, for collection, a draft for $1,500 drawn by Moore on Everson, to which draft the note sued upon together with the two other notes each for the like amount were attached; that upon the same day Everson induced appellees to retain said notes and to remit to said Springfield Marine Bank the amount of said draft; that appellees then indorsed upon each of said notes a credit of $100 as having been paid by Everson.

Moore testified unequivocally that at the time Everson re-signed the note in Springfield an agreement was entered into between himself and Everson whereby Everson should purchase the three notes from him, and that the draft to which said notes were attached was drawn upon Everson in pursuance of such agreement. The manner in which the transaction was conducted strongly tends to confirm the truth of Moore's testimony. If the draft was paid by appellees for and on behalf of Everson, one of the makers of the note, such payment was in effect a payment by Everson, and he thereby became either the purchaser or the payor of said note.

In Gillett v. Sweat, 1 Gilm. 475, it was held that the payment of a note by one of two joint and several promisors operated to extinguish the note and the same result is held to attach where a note is assigned to one of several joint makers. Stevens v. Hannan, 88 Mich. 13; Kneeland v. Miles, (Texas) 24 Southwestern 1113; Gordon v. Wansey, 21 Cal. 77. It is conceded by appellees that if there is evidence in the record tending to show that Everson purchased the

note in question the doctrine laid down in the cases cited would be applicable to the case at bar, but it is insisted that there is no such evidence in the record. What we have heretofore said sufficiently presents our views upon that question, and we are clearly of the opinion that upon that issue in the case the court erred in giving to the jury a peremptory instruction.

The fact that the note was altered by the erasure of the signature of J. I. Everson, one of the makers, is not controverted. Whether the erasure of the signature of Everson constituted a material alteration of the instrument was a question of law for the court. Milliken v. Marlin, 66 Ill. 13; Hayes v. Wagner, 220 Ill. 256. Unquestionably, the erasure of the signature of one of the makers of the note, without the authority and consent of his co-makers, constitutes a material alteration of the instrument. The restoration of an instrument to its original form after an unauthorized material alteration therein, will not avail to revive the instrument and give it force. Hayes v. Wagner, 89 Ill. App. 390.

There can be no pretense in this case that the note after its alteration was ratified or acquiesced in, in its altered form, by all of the appellants.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*