### J. T. DOWNING v. NEELEY & STEPHENS ET AL.

#### Decided May 21, 1910.

**1.—Promissory Note—Purchase from Maker—Action against Endorser.**

One who purchases a negotiable promissory note from the maker of the note must know that the maker can have no right of action thereon against the original payee as an endorser of the note; the purchaser therefore himself acquires no right of action against said payee as endorser of the note, and this, though the purchaser acquired the note in good faith, for a valuable consideration and before maturity. The only exception to this rule is in case of an accommodation endorser.

**2.—Continuance—Surprise—Notice by Pleading.**

A defendant is not entitled to a continuance on the ground of surprise when the plaintiff's pleading gives notice that the issue, to rebut which the continuance is sought, would be raised.

**3.—Promissory Note—Signatures—Presumption.**

The presumption is that the signature of the apparent maker of a promissory note was attached at the date of the execution of the note; the burden of proof is therefore on him who denies that fact.

Appeal from the District Court of Potter County. Tried below before Hon. J. N. Browning.

*Reeder, Graham & Williams,* for appellant.—One who purchases for value a note negotiable in form, before its maturity from one who, by the note, is shown to be one of the joint makers thereof (the note at the time of such sale being endorsed by the payee), can collect the note against said payee as endorser, unless such purchaser has notice, outside of what is shown on the note, of facts destroying its validity. Wilson v. Denton, 82 Texas, 531; Merritt v. Duncan, 19 Am. Rep., 612; Goodman v. Simonds, 20 Howard, 343-372; 1 Daniel on Negotiable Instruments, secs. 770-775, and notes under sec. 773; 7 Cent. Dig., 1094, sec. 817, par. tt, and page 1102, sec. 823, pars. b and c, and page 1103, sec. 823, par. 1.

*Thos. F. Turner* and *Hendricks & Boyce,* for appellees.—A joint note transferred to one of the makers before maturity is thereby extinguished, and he cannot re-issue it so as to bind his co-maker and

indorsers thereon.   Kneeland v. Miles, 24 S. W., 1113; Central Bank
of Brooklyn v. Hammett, 50 N. Y., 159; 7 Cyc., 788; Stevens v.
Hannan, 24 Am. St. Rep., 125; Adrain v. McCaskill, 3 L R. A., 759;
Erwin v. Shaffer, 72 Am. Dec., 613; 1 Am. & Eng. Ency. Law, 367.

SPEER, Associate Justice.—Neeley & Stephens sued J. T. Down-
ing to restrain the negotiation of two certain promissory notes upon
which they were endorsers and to cancel such endorsement, and the de-
fendant answered by asking judgment against them on the notes.
The plaintiffs recovered and the defendant has appealed.

The real question to be determined sufficiently appears from the fol-
lowing paragraph of the court's charge, which is assigned as error, to
wit:

"If the jury find and believe from a preponderance of the evidence
that the defendants J. B. Miller and Frank Adams executed and de-
livered the two notes in question in this case to the plaintiffs Neeley
& Stephens as alleged by them; and you further believe from the
testimony that afterward and before defendant Downing obtained
possession of said two notes, the said Neeley & Stephens and the de-
fendant Frank Adams, made and entered into an agreement, by the
terms of which it was agreed between themselves, that said Frank
Adams should turn back to Neeley & Stephens the drug store in Texico
and said two notes should be returned to Frank Adams and the trade
between said Adams and Neeley & Stephens recanted and canceled, and
that in pursuance of such agreement said notes were returned to and
delivered to said Frank Adams, to be canceled and annulled as al-
leged by plaintiffs; and you further find that at said time the said
two notes were bearing the signatures of J. B. Miller and Frank
Adams as joint makers thereof; and if you further find that after so
obtaining possession of said notes (if he did get possession of them in
that way) the said Frank Adams sold and delivered the same to the
defendant, J. T. Downing, then you will return a verdict for the
plaintiffs and against the defendant Downing, although you may find
and believe that said Downing acted in good faith in purchasing said
notes and paid a valuable consideration therefor."

The facts in evidence justify the giving of this charge, and if it is
a correct statement of the law, then appellant's assignments of error
are, for the most part, answered by it.   We think it is a correct enun-
ciation of the law.   It is, of course, true, that one, who in good faith
for a valuable consideration becomes the owner of a negotiable in-
strument before its maturity, may assume that the rights of the re-
spective parties to such paper are precisely what they purport to be, but
if this is the right of such a person it is also his limitation, for he can
not assume that the title of his transferrer is better than it purports
to be.   When Downing became the owner of the notes in controversy,
they were in the hands of Adams, one of the original makers, and
bore the endorsement of the plaintiffs, the original payees.   In that
case, Adams, upon the face of the paper, was himself liable to Neeley
& Stephens and could make no demand against them.   Downing, taking
the paper from Adams as he did, necessarily knew this and he can
not himself, therefore, claim to be in a better position than he knew

Adams to occupy. Kneeland v. Miles, 24 S. W., 1113; Central Bank of Brooklyn v. Hammett, 50 N. Y. 158, N. Y. Court of Appeals, Book X, 873; Adrian v. McCaskill (N. C.) 3 L. R. A. 759; Stevens v. Hannan, 86 Mich. 305, 24 Am. State Reports, 125.

An issue was tendered by appellant that the notes did not bear the signature of Adams when he purchased them, but it will be seen the above charge expressly required the jury to find that they did, and, since it is the only charge submitted which authorized a finding for the plaintiffs, it is evident the jury so found. The only possible case we can think of in which the holder of a negotiable note under such circumstances might recover against the endorsers, would be upon the assumption that they were accommodation endorsers, but in the present case the testimony of Downing himself, puts this contingency beyond such consideration.

There was no error in refusing the continuance upon the ground of surprise, since appellee's petition distinctly showed that Adams' name was signed to the notes as a maker when appellant purchased the same; and again, the answers of appellant to ex parte interrogatories propounded to him in the case clearly show that he was put upon notice that this defense would be urged at the trial, and no diligence whatever was exercised to procure the attendance or depositions of the witnesses for whose absence the continuance was sought.

Upon the issue tendered by appellant that Frank Adams' name did not appear on the notes as maker at the time of his purchase, the burden of proof was upon appellant, since the presumption is that the signatures of the apparent makers were attached at the date of the execution of the notes, and the trial court, therefore, correctly refused appellant's special instruction, placing the burden on appellees. The testimony abundantly supports the finding of the jury in appellees' favor under the foregoing charge. We find no error in the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.