## Laurens W. Cook, Appellant, v. Morris Augustus, Defendant.

1. STATUTES, § 152*—*when not repealed by implication.* Repeals of statutes by implication are not favored, and both a prior and subsequent statute will remain in force unless they are so repugnant that they cannot operate together.

2. BILLS AND NOTES, § 240*—*when purchaser not holder in due course.* A purchaser for value before maturity of a promissory note bearing on its face a statement that it is secured by chattel mortgage is not a holder in due course, and such note is subject to the defense of breach of warranty of the article for which it was given in payment.

3. BILLS AND NOTES, § 440*—*when evidence sufficient to show notice by purchaser of breach of warranty.* In an action on a promissory note by a purchaser thereof before maturity, evidence *held* to justify a finding that the plaintiff had actual notice of a warranty of a machine for which the note was given in payment and that there was a breach of such warranty.

4. TRIAL, § 195*—*when peremptory instruction properly refused.* A peremptory instruction for a defendant is properly refused where there is evidence fairly tending to support the plaintiff's case.

5. EVIDENCE, § 134*—*when secondary evidence inadmissible.* Admission of secondary evidence of the contents of letters written by an adverse party's attorney, *held* improper in the absence of any showing that an attempt had been made to produce the originals, though they were without the State.

6. EVIDENCE, § 275*—*when letters improperly admitted in evidence.* Where secondary evidence of letters was improperly admitted, *held* that originals of letters written in reply thereto, without sufficient proof of their genuineness, were improperly admitted on the theory that they were part of the correspondence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

7. APPEAL AND ERROR, § 1498*—*when exclusion of evidence harmless error.* Where a witness gave evidence identical with that which certain questions were intended to elicit, *held* that a ruling sustaining objections to such questions was harmless error, if any.

8. SALES, § 273*—*when notice of failure to conform to warranty waived.* A seller, by acting on a notice that an article was not according to a warranty, which is different from the kind of notice required by the contract of sale to be given it, thereby waives such term of the contract.

9. BILLS AND NOTES—*when assignee not entitled to notice of breach of warranty of article.* The assignee of a note secured by chattel mortgage is not entitled to notice of claimed defects constituting a breach of warranty of an article for which such note was given in payment, in order that such breach may be set up as a defense in an action by him on the note.

10. INSTRUCTIONS, § 1*—*when requested instruction properly refused.* An involved, uncertain, argumentative instruction, not based on the evidence, *held* properly refused.

Appeal from the County Court of Macon county; the Hon. JOHN H. McCOY, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed April 21, 1916.

CREA & HOUSUM, WHITLEY & FITZGERALD and VAIL & MILLER, for appellant.

CARL N. WEILEPP and REDMON & HOGAN, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

Appellee gave to the Rumley Products Company his promissory note in settlement for an oil tractor engine and some gang plows to be drawn by it, for use upon his farm. The note was secured by a chattel mortgage, and that fact was noted on the face of the note. Before maturity the note was transferred to appellant by indorsement on the back by the payee without recourse on it. Upon a trial of a suit brought on that note the jury found the issues for the defendant, and judgment was entered on the verdict against the plain-

tiff in bar of his action and for costs. The defense interposed was breach of warranty of the machinery for which it was given. By chapter 95, paragraph 7602, page 4351, Jones and Addington's Annotated Statutes of Illinois, it is provided: "That all notes secured by chattel mortgages shall state upon their face that they are so secured, and when assigned by the payee therein named, shall be subject to all defenses existing between the payee and the payor of said notes the same as if said notes were held by the payee therein named." Appellant claims that the section quoted was repealed by implication by the Negotiable Instrument Act. Section 57 of that Act, paragraph 7696, page 4414, Jones and Addington's Statutes, provides: "A holder in due course holds the instrument free from any defect of title of prior parties, and free from any defenses available to prior parties among themselves * * *." Then follows certain exceptions not involved in this controversy. Section 52, paragraph 7691, page 4412, of the same statute, provides: "A holder in due course is a holder who has taken the instrument under the following conditions:

"1.   That the instrument is complete and regular on its face.

"2.   That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact.

"3.   That he took it in good faith and for value.

"4.   That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

Section 58 of that same chapter, paragraph 7697, page 4416, Jones and Addington's Statute provides: "In the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were non-negotiable * * *."

Repeals by implication are not favored, and both statutes will remain in force unless they are so re-

pugnant that they cannot operate together. *Chicago, B. & Q. R. Co. v. Doyle,* 258 Ill. 624, 629 and 630.

The two acts under consideration are not inherently inconsistent. One applies to promissory notes taken in due course, the other applies to promissory notes on the face of which is written the words: "This note is secured by chattel mortgage." As to such notes the statute creates the infirmity that they are subject to all defenses existing between the payee and the payor thereof. A purchaser of such a note does not take it in due course because he has notice of that infirmity. Under both statutes such notes are subject even in the hands of innocent purchasers to all defenses existing between the payee and maker thereof. The note sued on was not taken in due course and is subject to the defenses interposed to it in this case.

Besides that there was evidence tending to show that appellant had actual notice of the circumstances and conditions under which the note was given. Under the proper instructions given in this case the verdict of the jury for the defendant amounts to a finding that appellant had notice that there was a warranty of the machine for which the note was given and that there was a breach of such warranty, and we do not feel justified in holding that such finding is contrary to the manifest weight of the evidence.

Because there was evidence in the record fairly tending to support the plaintiff's case when appellant's motion for a peremptory instruction was made, it was properly overruled.

Secondary evidence was admitted, over objection, of the contents of certain letters claimed to have been written by appellee's attorney to the Rumley Products Company without any showing that any attempt had been made by appellee to obtain the originals of such letters. This was clearly error. It is not a sufficient answer to this contention that the letters were beyond the limits of this State and therefore the courts of this

State could not compel their production. It may well be that if the Rumley Products Company had been requested to send appellee these original letters, it would have complied with that request.

Letters purporting to have been written by the Rumley Products Company in answers to the letters above referred to as being improperly admitted, were also admitted in evidence, without sufficient proof that they were the genuine letters of that company. The theory of the court seems to have been that they were part of a correspondence and that they were sent by the company in reply to the letters written by appellee's attorney above referred to. The contents of the letters in reply to which they were written not being properly in evidence, the replies were also improper, at least in the absence of proof of their genuineness.

Complaint is also made that the court sustained objections to certain questions asked by appellant of witnesses. If these rulings were erroneous the error was harmless, for an examination of the record discloses that in each case complained of the witness while on the stand gave the identical evidence the questions were put to elicit.

The court instructed the jury, in substance, that if the Products Company accepted and acted on a different kind of notice than that provided for in the contract, that the machinery was not according to the warranty, it thereby waived the terms of the contract in that particular. The instruction was correct. *Dollarhide v. Hopkins*, 72 Ill. App. 509; *Avery Planter Co. v. Rigg*, 56 Ill. App. 599; *Jacobs v. Crumbaker*, 67 Ill. App. 391.

Appellant complains of another instruction on the theory that he as assignee of the note was entitled to notice of the claimed defects constituting a breach of the warranty. He cites no authority in support of that contention, and we believe none can be found. If there was no other reason why this contention could

not be supported, a sufficient one is found in the provisions of the chattel mortgage act, heretofore referred to.

The refusal of one instruction offered by appellant is complained of. It is involved, uncertain, argumentative, not based on the evidence and was properly refused.

For the errors pointed out, the judgment is reversed and the cause is remanded for another trial.

*Reversed and remanded.*