## No. 9433.

### PELTIER ET AL. *v.* MCFERSON.

1. NEGOTIABLE PAPER—*Negotiation After Payment—Effect.* A maker who deposits in bank a promissory note which has in fact been paid and receives credit therefor, is liable thereon, whether the bank is a holder in due course or not.

2. *Holder in Due Course—Who is?* A holder of a promissory note, which, as he knows, has been paid, who transfers it to another who holds in due course, does not, by re-transfer become a holder in due course.*

3. PROMISSORY NOTE—*Payable at a Day Certain—Effect of Payment.* Negotiable paper, payable at a day certain, may, even after payment before maturity, be again issued by the maker, and become current.

So if paid before maturity by one of several makers.

4. *Payable on or Before a Day Named,* when in the hands of the maker carries with the same presumption of payment as any overdue note in the hands of the maker; and one who accepts it from the maker, so having it in possession, for his credit, must be said to take it after maturity and with notice of the payment.

*By Denison, J.

*Error to Denver District Court, Hon. John A. Perry, Judge.*

Mr. JOSEPH S. JAFFA, Mr. JAMES P. MILLER, for plaintiffs in error.

Mr. JOSEPH D. PENDER, for defendant in error.

Mr. Justice Denison delivered the opinion of the court.

THIS action was by the state bank commissioner, in charge of the Louisville Bank, against Miller, Evans and Peltier, upon a promissory note. Trial to the court and judgment for plaintiff with special finding of fact and conclusions of law. The defendants bring error.

The following facts are either undisputed or found by the court upon evidence which we think sufficient. We question no finding of fact made below. Counsel for plaintiff in error questions the sufficiency of the evidence on some points, but ignores, in argument, the circumstantial evidence, which we regard as strong:

Under date of June 15, 1912, Peltier, Evans and Miller made their promissory note for $1,000, payable to T. H. Andrew "on or before August 1st, 1912." Andrew endorsed the note to his wife, Jennie M. Andrew. Evans paid the note to her by two checks for $500 each, one dated June 29th and one July 2nd, 1912, drawn on the Louisville Bank, where he had an account. These checks were taken by the Lafayette Bank July 2nd and 6th, respectively, and were honored by the Louisville Bank July 3rd and 8th. They overdrew Evans' account about $950. Miller was at these times and until long after the 9th of July cashier of both banks.

Instead of cancelling the note when it was paid, Mrs. Andrew endorsed it in blank and delivered it to Evans. He did not cancel it, but delivered it to Miller. He delivered, and Miller received it, solely for the purpose of enabling Miller to deposit it in the Louisville Bank to Evans' credit to meet his said short checks. This was done in the following way: Miller put the note in the Lafayette Bank, crediting the Louisville Bank with the amount of it, and the Louisville Bank credited Evans therewith. Long after August 1st, 1912, the Louisville Bank obtained actual possession of the note. No officer or agent of either bank except Miller had any actual knowledge or notice. of the payment of the note.

Upon the insolvency of the Louisville Bank in 1914, the note was found among its papers, mutilated by tearing and pasted together.

The learned judge who tried the case below was of the opinion that the Louisville Bank was a holder in due course and that consequently all the defendants were liable.

We think that upon the facts above stated Miller and Evans are liable on the note, whether the banks or either of them was a holder in due course or not. They put the note into the banks and got the credit on it as their own note, which it was, and it is good against them. *Hinton v. Columbus Bank*, 9 Port (Ala.) 463.

It seems that the court below thought Peltier to be liable if the banks or either of them was a holder in due course, and that both of them were such, but since the course of the note was, in effect, from Evans by hand of Miller to the Louisville Bank, thence to the Lafayette Bank and thence back to the Louisville Bank, the question whether the Lafayette Bank held in due course is immaterial. If the Louisville Bank was not originally a holder in due course, it could not repurchase from such a holder and thus acquire his immunities. *Dollarhide v. Hopkins*, 72 Ill. App. 509, 8 C. J. 470, notes. Consequently Peltier is liable if the Louisville Bank held in due course, otherwise not.

If the words "on or before" had been absent from the note, then, even though paid, it might again be issued by the maker before maturity, and so, according to high authority, become again current, and, of course, be valid against him; also if paid before maturity by one of several makers it might be re-issued and become again current and valid against all the parties to it, if held in due course. *Morley v. Culverwell*, 7 M. & W. 174, 8 C. J. 592, and cases cited. A note payable on or before a certain date, however, since it may be paid at any time, matures, in a sense, when paid before the fixed date. *First Nat. Bank v. Park*, 37 Colo. 303, 306, 307, 308, 86 Pac. 106, 20 Ann. Cas. 1109, and *Berkley v. County Commissioners*, 48

Colo. 104, 116, 110 Pac. 197, and if received, as in this case, from a maker for his own credit, it would seem, by reason of the maker's possession, to carry with it the same presumption of payment which accompanies any overdue note in the hands of a maker.

If this is so, then the Louisville Bank, since it took the note from Evans, a maker, for his credit, and from the hands of Miller, another maker, must be said to have taken the note after maturity with notice of its maturity which would carry with it notice of payment.

The general rule is that possession by the maker or acceptor after maturity gives rise to a presumption of payment, but not before maturity. In *Morley v. Culverwell,* 7 M. & W., p. 181, it was held that possession of a bill by the acceptor before maturity did not raise such a presumption and one might be a holder in due course from him. Lord Abinger said, "The contract of the drawer and of each endorser is that the bill shall be paid by the acceptor at its maturity—not before it is due," and the judges argued that the contract of the endorser was that the bill should be paid according to its tenor and effect and according to the law merchant, that a payment before maturity would not be according to either the law merchant or the tenor and effect, that the purchaser had a right to suppose the tenor and effect and the law merchant were followed, and so had a right to suppose the bill in the hands of the acceptor was not paid but still current. This argument would not stand if the paper was payable "on or before," because payment of such paper before the date fixed therein is payment according to the tenor and effect and is according to the law merchant and of frequent occurrence under that law. In such case the presumption, when the paper is in the hands of a maker, is that it is paid, because that is according to the law merchant and the tenor and effect of the instrument.

The reason, then, that supports the theory that a purchaser from a maker of an ordinary note may be a holder in due course does not apply to the case of a note payable

"on or before." In that respect the latter more resembles a demand note. See *Bartrum v. Caddy*, 1 P. & D. 207, and Lord Abinger's remarks in *Morley v. Culverwell*, on page 178.

It was necessary to mercantile convenience and freedom that one might purchase paper from a maker or acceptor and hold it in due course, because a large amount of banking business is constantly done in that way, called accommodation indorsement or accommodation making. The instrument is endorsed or signed and returned to the drawer or principal for the very purpose of currency. It would seriously discredit such paper if banks and other purchasers must guard against its possible invalidity on account of payment or other satisfaction. *Eckert v. Cameron et al.*, 43 Pa. St. 120.

Although perhaps it may be said that for the same reason "on or before" notes ought to have the same sanction, yet we can not see that any ground exists therefor. Such a note, in the hands of a maker, is there, according to the law merchant and according to its tenor and effect, paid; and the only ground for supposing that it is not paid, *viz*: that payment would be not according to the law merchant nor according to the contract is absent. This, in effect, was the view of the court in *Stevens v. Hannan*, 86 Mich. 305, 48 N. W. 951, 24 Am. St. 125, on rehearing 88 Mich. 13, 49 N. W. 874.

That is the only case directly in point that has been cited (*First National Bank v. Harris*, 7 Wash. 139, 34 Pac. 466, is corroborative), but the reasoning seems convincing, and no case directly to the contrary has been called to our attention.

Our conclusion is that the Louisville Bank was not a holder in due course and so the judgment against Peltier is erroneous.

The judgment should be affirmed as to Miller and Evans and reversed as to Peltier, with directions to enter judgment in his favor.