Joseph D. Runyan, Appellant, v. F. S. Moon, Appellee.

Gen. No. 8,577.

 Opinion filed May 11, 1932.

SCOFIELD, BELL & BERRY, for appellant.

CURRAN & CURRAN, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

In this case a suit in assumpsit was commenced in the circuit court of McDonough county by Joseph D. Runyan, the appellant, against the appellee F. S. Moon and Sadie Moon, as defendants. The suit was brought to recover as assignee of a promissory note made for the sum of $2,018.85 by the appellee F. S. Moon and Sadie Moon, and the appellant, Joseph D. Runyan and others as comakers. The declaration filed in the cause consists of the common counts, and the appellant filed with the declaration an affidavit of his claim which he states to be as follows:

"That the demand of the plaintiff in the above entitled cause is for money due to the plaintiff upon a certain promissory note payable to the order of George A. Tucker, and by the said George A. Tucker assigned in writing to the plaintiff; and that there is due from the defendants, F. S. Moon and Sadie Moon, after allowing them all just credits, deductions and set-offs, the sum of $1,920.00."

The defendants filed an affidavit of merits in which they state their defense to be:

First, that the note or instrument sued on in the above entitled cause is fully and wholly paid.

Second, that the plaintiff, Joseph D. Runyan, did not, at the time he brought suit herein, have the legal title to the note or instrument on which this suit is based.

Third, that if the defendants, or either of them, did make promises as alleged in the declaration herein, the statute of limitations has run against said promises.

Fourth, that the note sued on has, by payment of one of the comakers thereof, become extinguished.

In connection with the affidavit of merits, the appellee filed to the general issue and three special pleas. The court sustained a demurrer to the special pleas and the case proceeded to trial upon the general issue. The plaintiff thereafter dismissed the case as to the defendant, Sadie Moon. A jury was waived and the trial was by the court. The court found the issues for the defendant and entered a judgment in bar of the plaintiff's right to recover. This appeal is prosecuted from the judgment.

Various errors are assigned and argued by the appellant for reversal of the judgment. It is contended that the affidavit of merits in the case is legally insufficient; and that therefore the evidence for the appellee should have been disregarded; that the statements in the affidavits are mere conclusions. It may be said in reference to this contention, that a defendant in an affidavit of merits is not required to state the evidence upon which he relies as a defense, but only ultimate facts which give notice of the nature of his defense. *Firestone Tire & Rubber Co. v. Ginsburg*, 285 Ill. 132; *Parent Mfg. Co. v. Oil Products Appliance Co.*, 246 Ill. App. 222. The affidavit in question states ultimate facts relied on by the appellee as a defense which under the authorities cited is sufficient.

It is also contended by the appellant that the court erred in admitting in evidence special matters relied on as a defense without notice of such special matters

of defense having been first filed in connection with the plea of the general issue. However:

"In an action of assumpsit, the general rule is, that a defendant may give in evidence, under the general issue, any matter which shows he was not indebted to the plaintiff when the action was brought. And this is true, whether the defense be that defendant was never indebted to plaintiff, or that the liability has been extinguished after it was incurred." *Wilson v. King,* 83 Ill. 232; *Harrison v. Thackaberry,* 248 Ill. 512; *American Central Ins. Co. v. Birds Building & Loan Ass'n,* 81 Ill. App. 258; *Price v. Burns,* 101 Ill. App. 418.

As to the right of recovery, it is argued by the appellant that the appellee, F. S. Moon, was the principal debtor on the note sued on in this case; and that appellant signed the same as surety; and that as surety, he has the legal right to acquire the title to the note by the assignment of the payee and recover from the principal maker the amount of the note. Whether the appellant signed the note as surety for the appellee or not is a controverted matter of fact in the case. The evidence tends to show that the original note, of which the note in question was a renewal, was given as part consideration for the purchase of a stock of goods and merchandise, and which the appellee Moon acquired by purchase from George A. Tucker, the payee in the note, on the 3rd day of December, 1913; and that in this transaction the appellant acted as agent for the appellee. It also tends to show that thereafter on the following 1st day of January, 1914, the appellant became a partner of the appellee in the business referred to which the appellee had acquired from George A. Tucker. The evidence is clearly to the effect that the appellant signed the note given at the time Moon purchased the mercantile business of George A. Tucker, as surety; and the fact that the appellant afterwards

acquired an interest in the business as partner of the appellee would not change the nature of his obligation as surety on the note to that of principal maker; nor would the fact that afterwards the note was renewed while he was a partner of the appellee. This feature of the case, however, is not of controlling importance.

It is contended by the appellant that having executed the note as surety, he had a legal right to acquire the title of the payee by assignment, and enforce the same by suit against the principal maker of the note. What actually occurred in reference to the assignment of the note which the appellant claims to have been made to him is shown by the evidence to be that the appellant paid the note; that he paid a part of the original note which was for the sum of $2,267.37 to reduce it to $2,018.85; and that thereafter, by partial payments on the note in question, made at the bank which held the note for the payee for collection, finally paid up the entire amount due and interest without manifesting or signifying any intention of acquiring the title of the payee for subrogation purposes or for any other purposes; and he did not ask for any assignment of the note to him until three or four years had elapsed after the note had been apparently paid; then he procured an assignment by the payee to him.

The reasonable inference to be drawn from the evidence and the appellant's own testimony is that he had no other thought concerning the note than to pay it off and extinguish the indebtedness for which it had been given; and the indebtedness was thereby extinguished as a matter of fact. The law is well settled that the payment in full of a note made by one joint maker extinguishes the debt represented by a note and is a discharge of liability on the part of all the co-makers. *Gillett v. Sweat,* 6 Ill. (1 Gil.) 475; *Snell v. Davis,* 149 Ill. App. 391; *Curley v. Ford,* 168 Ill. App. 525, 529.

If the indebtedness represented by the note was discharged and extinguished at the time the appellant paid the note, it could not thereafter be revived legally by an assignment three or four years thereafter. It is true that the appellant, being a surety on the note, by paying the same, could have acquired a cause of action for reimbursement against the principal maker of the note, but this action would be one of implied assumpsit and would have been barred by limitation in five years after the action had accrued. *Junker v. Rush*, 136 Ill. 179; *Walker v. Chicago, M. & N. R. Co.*, 277 Ill. 451.

Under the facts shown by the evidence, and the law as set forth in the authorities cited, we conclude that the appellant had no right to recovery on the note in question; and the trial court therefore properly entered a judgment in bar; and the judgment is affirmed.

*Affirmed.*