Margaret Foley, Defendant in Error, v. Herman F. Friestedt, Plaintiff in Error.

Gen. No. 17,320.

1. GUARANTY—*consideration.* Where defendant's wife sells a flat building and defendant, acting for her, simultaneously executes a lease for a flat therein in his own name, guaranties the payment of rent and assigns the lease to the purchaser, the rent guaranty is supported by sufficient consideration though the guaranty is not required by the contract of sale and the only consideration given is the contract price of the premises, which is given to the wife.

2. ACTIONS AND DEFENSES—*when defense that guaranty was signed by mistake not considered.* In an action on a guaranty for rent, the defense that the guaranty was signed by mistake cannot be considered.

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed April 21, 1913.

DELBERT A. CLITHERO and JAMES H. DUNN, for plaintiff in error.

RICE & O'NEIL, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The plaintiff, here the defendant in error, brought a suit of the fourth class in the Municipal Court to recover from the defendant, here the plaintiff in error, for four months' rent of a flat on a guaranty of the defendant. On a trial of the case by the court without a jury, the issues were found for the plaintiff and judgment entered against the defendant, to reverse which he sued out this writ of error.

The defendant's wife sold and conveyed to the plaintiff a six-flat building. On the day of the said conveyance the defendant, acting for his wife, made and executed in his own name as lessor a lease for one of the said flats and thereupon assigned the same to the plaintiff and also guaranteed the payment of the rent and the performance of the covenants by the lessee as provided in the said lease. Mrs. Friestedt was paid the consideration for the said transfers and the defendant received no part thereof.

The defendant insists that, no consideration being received by him for the the execution of the said guaranty and the only consideration for the conveyance of the said premises and the assignments of the said leases being the contract price for the purchase of said premises paid by the plaintiff to Mrs. Friestedt, and

·the said guaranty not being required by the said contract, it was without consideration and there could be no recovery thereon. The guaranty was made by the defendant simultaneous with the conveyance of the said premises and the assignments of certain leases pertaining thereto· to the plaintiff, for which she paid to Mrs. Friestedt the consideration of $23,750.00. We think that the case is controlled by the rule announced in Haven v. Chicago Sash· Door & Blind Co., 96 Ill. App. 92, wherein the Court say on page 101: ''The rule in regard to guaranty is, that if the guaranty is simultaneous with the execution of the contract guaranteed, the consideration for the contract is a consideration for the guaranty.''

The defense that the guaranty was signed by mistake can not be considered in this action. City of Chicago v. Sexton, 115 Ill. 230, 243.

The judgment is affirmed.

*Affirmed.*