266    Appellate Courts of Illinois.

The Northwestern Consol. Milling Co. v. Sloan, 232 Ill. App. 266.

## The Northwestern Consolidated Milling Company, Appellee, v. John A. Sloan, Appellant.

### Gen. No. 28,083.

1. Contracts—*admissibility of parol evidence that delivery of sales contract was conditional.* In an action by the seller of flour against the buyer for damages for breach of a contract which by its terms provided for shipment of the flour within four months, it was error to exclude evidence tending to show that delivery of the written and signed contract by the buyer to the seller's agent was upon the express agreement that the contract should not become binding unless the time of delivery was extended beyond the time specified in the contract, since such evidence does not violate the parol evidence rule but goes to the formation and validity of the contract itself.

2. Sales—*sufficiency of confirmation of sales contract.* In the absence of evidence to the contrary, a provision of a sales contract that it is taken subject to confirmation by the seller is shown to have been sufficiently confirmed by evidence that the written contract was signed by the buyer and on behalf of the seller by its agent and appears to be regular upon its face.

Appeal by defendant from the Superior Court of Cook county; the Hon. Joseph B. David, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1922. Reversed and remanded. Opinion filed February 20, 1924.

Bassler, Bippus, Rose & Reeve, for appellant.

Allen, Ward, Myers & Schwartz, for appellee.

Mr. Justice O'Connor delivered the opinion of the court.

Plaintiff brought suit against the defendant to recover damages claimed to have been sustained by it by reason of the defendant's refusal to receive 5,000 barrels of flour which plaintiff had sold him. At the close of all the evidence the court on motion of plaintiff struck out all of defendant's evidence and directed the jury to return a verdict in favor of plaintiff for

$24,750, which was accordingly done and judgment was entered on the verdict.

The record discloses that plaintiff was engaged in the manufacture of flour in Minneapolis and maintained a branch office in Chicago; that the defendant was engaged in the bakery business in Chicago and had from time to time bought flour from plaintiff; that on or about July 7, 1920, plaintiff's salesman who was working out of the Chicago branch called on the defendant for the purposes of selling defendant some flour, and on the next day what purported to be a written contract was entered into whereby plaintiff agreed to sell and defendant agreed to purchase 5,000 barrels of flour at $13.50 per barrel, the flour to be shipped "within four months." This contract was made out on a printed blank and was signed by the defendant. Plaintiff's name is printed thereon and it is purported to be signed by salesman J. T. Bashaw, its agent, the name of the salesman being typewritten in the blank space left for the agent's name. There is evidence in the record that tends to show that prior to and at the time the contract was executed by the parties and subsequent thereto, defendant was endeavoring to have plaintiff agree that he should be given a longer period of time within which to take all of the flour; that on August 30, 1920, the representative of the Chicago branch after having received authority from the main office in Minnesota wrote a letter to the defendant, advising the defendant that the time within which shipment of the flour was to be delivered would be extended to January 1, 1921, without charge to the defendant. The evidence further tends to show that afterwards, sometime during October or November, the defendant gave plaintiff directions to ship him a large quantity of flour, plaintiff taking the position that this was a part of the 5,000 barrels mentioned in the contract in suit, the defendant's position being that this order was for other flour which he had purchased from the defendant. On November 29, the de-

268    APPELLATE COURTS OF ILLINOIS.

The Northwestern Consol. Milling Co. v. Sloan, 232 Ill. App. 266.

fendant notified the plaintiff that he would take none of the flour mentioned in the contract. Plaintiff treated this as a breach and brought the instant case to recover damages based on the market price of the flour as mentioned in the contract and the difference between market price on the date of November 29, 1920.

On the trial of the case the defendant offered evidence tending to show that at the time of the execution of the contract by him and before it was delivered to plaintiff's agent, it was expressly understood and agreed that the written contract should be taken by plaintiff's agent, delivered to his principal and the period mentioned in the contract within which the flour was to be delivered—"within four months"— should be changed to read that the flour should be delivered "as needed" by the defendant. The court permitted witnesses to testify to this effect stating, nevertheless, that he was of the opinion that it was clearly inadmissible because it tended to vary the terms of the written contract, but that he would hear it. After the evidence to this effect was given, it was struck out by the court on the ground that such evidence was inadmissible, as it violated the parol evidence rule. Whether the court's ruling in this respect was correct is the chief controversy and is a question that is not at all free from difficulty.

Defendant's position is that the parol evidence rule is not applicable because the evidence was not offered to vary the terms of the written contract, but was offered as tending to prove that there never was a contract—that the written document was never a binding obligation because it was delivered to plaintiff's agent with the expressed understanding and agreement that it would not be binding until and unless the period within which the flour was to be delivered should be changed.

At first blush it might appear that the ruling of the trial judge was in accordance with the law. But after

a careful consideration of the authorities, we are constrained to hold that the court erred in striking out the evidence and the question whether there was a valid and binding contract, as the document indicated on its face, should have been left to the jury.

It is a well-established rule of law that when any contract, agreement or undertaking has been reduced to writing, its contents cannot be contradicted, altered, added to or varied by parol or extrinsic evidence. While the matter excluded by this rule is commonly termed "parol" which "signifies and implies essentially the idea 'oral,' *i. e.* matter of speech, as contrasted with matter of writing," this idea is radically incorrect, because when the rule is applicable, what is excluded may equally be written as oral. The rule is in no sense a rule of evidence but a rule of substantive law. 5 Wigmore on Evidence (2d Ed.) sec. 2400. The same author in discussing this question whether a contract is binding between the parties so as to bar the introduction of parol evidence that tends to vary or contradict it depends upon the "finality of utterance" and says: "Whenever, therefore, certain conduct or writing is put forward against a party as his purporting act, no principle prevents him from showing that there *never was a consummation of the act* * * *. The mark of finality was the *delivery of the deed.* But it is clear that there can be no fixed and invariable mark of finality; or, in the older phraseology, what amounts to a delivery depends upon the circumstances of the case. No specific manual act is decisive." (Sec. 2408.) And in section 2410 of the same work, the author further says: "It has therefore long been well understood * * * that the finality of the writing as a jural act depends upon the circumstances of each case; that it may be left to depend on a third person's assent or upon any other precedent condition, and, in particular, that this is so whether the writing (or escrow) is provisionally handed to the grantee himself or to any one else," and that this doctrine is

completely accepted in the United States. And continuing the author says (sec. 2435) : "But by the general principle of delivery * * * no conduct becomes effective as a jural act if its consummation is suspended until the happening of a condition precedent; and hence such a condition, precedent to the existence of the obligation, may always be established, and has the effect of destroying the apparent obligation of the writing embodying the draft of the act. The difficulty is to distinguish whether, in a given case, the condition is such a precedent one, or whether it is a subsequent one such as the present principle forbids recognizing. Here some subtlety of construction may be required."

It has been repeatedly held in this State that where a cause of action was predicated upon a written document, signed by the parties, the defendant might offer any evidence that tended to show that the document in question was never in fact a binding obligation and that such evidence did not violate the parol evidence rule. *Jordan v. Davis*, 108 Ill. 336; *Kilcoin v. Ortell*, 302 Ill. 531. The *Jordan* case was an action of forcible detainer. The merits of that case were based upon a written document which plaintiff contended was a valid and binding lease. Parol evidence was introduced to show that the lease was never a binding obligation and in discussing the admissibility of such evidence the court said (pp. 340, 341) : "The delivery of a written contract is indispensable to its binding effect, and such delivery is not conclusively proved by showing the placing of the paper by the alleged contracting party in the hands of the other. Delivery is a question of intent and it depends whether the parties at the time meant it to be a delivery to take effect presently."

In the *Kilcoin* case there was a written document signed by the parties for the exchange of certain lots located in Rock Island for a farm in Wisconsin. On

a bill filed, seeking to enforce a specific performance of the document, the court permitted parol evidence to be introduced to the effect that at and prior to the time of the signing of the document by the parties, it was agreed that it should not be a binding obligation until one of the parties had examined the Wisconsin farm and approved of it. And it was held that this did not violate the parol evidence rule. The court there said (p. 535): "We think the testimony referred to was competent on the question whether the contract was a completed one, intended by the parties to become presently binding. A written contract may fail to become binding for want of delivery. Possession of the contract by the party seeking to enforce it is presumptive evidence of its delivery but not conclusive." The court then quoted from the *Jordan* case and continuing said: "The rule that contemporaneous oral statements cannot be heard to alter or vary the terms of a written instrument presupposes execution and delivery of the writing with intent to bind the parties by its terms (17 Cyc. 701). A delivery upon condition is not a complete delivery until the condition is fulfilled (13 Corpus Juris 307)."

In the instant case the evidence offered by the defendant tended to show that when he signed and delivered the document in question, he did so upon the expressed condition that it should not be a binding obligation unless and until the time within which the flour was to be delivered should be changed. Under the authorities above cited, we think the evidence was admissible, although, in doing so, we are of the opinion that there is not much left of the parol evidence rule, but we must construe the law as we find it.

2. Plaintiff in its declaration alleged that it was ready, able and willing to deliver the flour to the defendant as provided in the contract, and the defendant's contention is that this allegation was not proven. There is merit in this contention. We think there was

272    APPELLATE COURTS OF ILLINOIS.

The Northwestern Consol. Milling Co. v. Sloan, 232 Ill. App. 266.

no proof of plaintiff's ability in this respect. But this undoubtedly can be easily obviated upon a retrial of the case.

3. Defendant makes much of the fact that while the document in question on its face stated that it is subject to the terms and conditions stated on the face as well as on the back thereof, yet one of the terms and conditions on the back of it was that the contract was subject to confirmation by the seller and that no such confirmation was proved. The document was signed by the defendant and the name of plaintiff appears to be signed by J. T. Bashaw, its agent. This appears to be regular on its face and as nothing appears to be to the contrary, it is obvious that no further confirmation of it was needed. But we will say nothing further on this point, as we are convinced that counsel for both sides will have no difficulty in following the well-known principles of law on this question upon a retrial of the case.

4. If the time of the delivery of the flour was extended by agreement of the parties until January 1, 1921, as plaintiff's evidence tended to show, and if defendant refused to accept the flour on November 29, it is obvious that the value of the flour on that date should be taken into consideration in determining the question of plaintiff's damages.

The judgment of the superior court of Cook county is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

TAYLOR, P. J., concurs.

THOMSON, J., specially concurring: I concur in the foregoing decision, but I do not agree with all that is said in the opinion. In my opinion the so-called contract, by its express terms, was "subject to confirmation" by the plaintiff, which means it was not to become binding until so confirmed in writing. To make out its case on this contract, it was incumbent on the plaintiff to show that it had confirmed the contract as made by its agent.