Roche Pharmacy, Inc., for Use of McKesson-Fuller-Morrisson Company, Appellant, v. Campus Pharmacy, Inc., and Edwin K. Roche, Appellees.

Gen. No. 38,052.

Heard in the first division of this court for the first district at the April term, 1935. Opinion filed June 17, 1935. Rehearing denied July 2, 1935.

SIEBEL, TELL & SIEBEL, of Chicago, for appellant; A. F. W. SIEBEL, WILLIAM K. TELL and ARTHUR F. SIEBEL, of counsel.

I. J. BERKSON and JOHN F. SHEA, both of Chicago, for appellees.

MR. JUSTICE MATCHETT delivered the opinion of the court.

McKesson-Fuller-Morrisson Co., judgment creditor of Roche Pharmacy, Inc., caused Edwin K. Roche and Campus Pharmacy, Inc., to be summoned as garnishees. The garnishees answered severally, denying that they were indebted to the judgment debtor and asserting that they did not have in their possession any of its property, etc. The cause was heard by the court. There was a finding for the garnishees, and an order discharging them.

It is argued that Edwin K. Roche was liable by reason of his subscription to the capital stock which was unpaid of Roche Pharmacy, Inc. The charter for that corporation was offered in evidence. It appears to have been issued by the secretary of state October 17, 1932, upon a statement filed by the incorporators in his office on that date. The charter shows that the incorporators were Edwin K. Roche, Gerald C. Roche and Francis E. Phalen; that the capital stock of the corporation consisted entirely of common stock to the amount of $5,000—50 shares of the par value of $100 each; that Edwin K. Roche subscribed for 48 of these 50 shares. The charter also discloses that no cash was paid in for the capital stock and indicates that it was paid for in property consisting of a stock of drugs, chemicals, etc., located at 8109 North Cicero avenue. This charter was filed in the office of the recorder of deeds of Cook county, October 21, 1932.

Edwin K. Roche testified that the stock of drugs, etc., mentioned in the charter was never in fact turned in to the corporation; that he never received any shares of its stock; that the corporation never did any business, and that it abandoned the use of its charter. '

The judgment creditor contends that under the evidence E. K. Roche is indebted to the Roche Pharmacy, Inc., to the amount of $4,800, and that the indebtedness to the corporation can be reached by its creditors through garnishment.

Several sections of the Business Corporation Act, Laws of 1933, p. 308; Cahill's Ill. Rev. St. 1933, ch. 32, are cited. While the Business Corporation Act of 1933 repealed the General Corporation Act of 1919 (Cahill's Ill. Rev. St. 1931, ch. 32, sec. 167, ¶ 158, p. 758), it also provided that its enactment should not affect the rights accrued under the prior General Corporation Act of 1919 (Cahill's Ill. Rev. St. 1933, ch. 32, sec. 163, ¶ 158 (5), p. 757). The Act of 1933 is therefore not applicable to this proceeding, but on the

contrary it is governed by the General Corporation Act of 1919. Sections 51 to 53 of the last named act (Cahill's Ill. Rev. St. 1931, ch. 32, secs. 51-53, ¶¶ 51-53, p. 744) seem to provide a proceeding by which creditors of a corporation may reach debts due to the corporation on subscriptions to capital stock which excludes the collection of the same by means of garnishment.

Section 51 provides that stockholders shall not be held liable for the debts of a corporation (incorporated under the laws of this State) because of any unpaid portion of stock liability, until the corporation has been adjudged bankrupt, or an execution upon a judgment or decree of a court of record for the payment of money, after demand made by the officer, has been returned "no property found" or has remained unsatisfied for 10 days after such demand, or the corporation has dissolved or ceased doing business, leaving debts unpaid. Section 52 provides that after such adjudication, or after the execution has been so returned, or after such dissolution or cessation of business, the officer of the corporation who has charge of the stock records, on request of any creditor of the corporation, or his attorney, shall furnish to him a certified list of the names and addresses of the officers and directors of the corporation and of all persons who were stockholders at the time the liability to be enforced against them personally accrued, the number and character of shares held by each stockholder and the amount remaining unpaid on their respective shares; that in case of failure to furnish such list within three days after such demand, a petition may be presented to the judge of any court of general jurisdiction of the county in which the principal office of such corporation is located, who shall have jurisdiction, after two days' notice to such officer, to enter an order directing the delivery of such list, and that a failure to comply with such order may be treated

as contempt and punished accordingly. Section 53 provides that after such preliminary proceedings any creditor may bring suit in equity in any county in which the principal office of the corporation is located on behalf of himself and all other creditors against all persons who are liable in any way for the debts of the corporation, by joining the corporation in the suit, and that after exhausting the assets of such corporation, each stockholder will be required to pay his pro rata share of the debts and liabilities to the extent of the unpaid portion of the stock, etc.

The statute manifests the legislative intention to provide a complete and exclusive method by which the liability of a stockholder for unpaid subscriptions to the capital stock of a corporation may be ascertained and appropriated by creditors of the corporation to the satisfaction of their debts. Section 51 provides that stockholders shall not be held liable upon their subscriptions until the conditions set forth in the statute have been met. It also seems to vest exclusive jurisdiction in the equity court. It is apparent garnishment which is in the nature of a special proceeding will not lie against a subscriber to the capital stock on account of any unpaid subscription to the capital stock of a corporation organized under the General Corporation Act of 1919. For this reason, E. K. Roche was properly discharged. However, if the construction of the statute were otherwise, the evidence here was insufficient to show a liquidated indebtedness from E. K. Roche to the debtor corporation which would render him liable as garnishee since he never received the stock for which he subscribed and the company never functioned.

As to the garnishee Campus Pharmacy, Inc., the judgment creditor argues that it was liable by reason of receiving goods in violation of the Bulk Sales Act (Cahill's Ill. Rev. St. 1933, ch. 121a, ¶¶ 1-3, p. 2462).

Cases such as *Cohn v. Malo,* 198 Ill. App. 538, and *Superior Plating Works v. Art Metal Crafts Co.,* 218 Ill. App. 148, are cited. These cases state unquestioned rules of law, which cannot be applicable, for the reason that the uncontradicted evidence is to the effect that the judgment debtor did not at any time transfer any property to the Campus Pharmacy, Inc.

For the reasons indicated the orders of the trial court are affirmed.

*Affirmed.*

O'CONNOR, P. J., and McSURELY, J., concur.