## Chicago Title and Trust Company, Appellee, v. Isadore R. Cohen, Appellant.

### Gen. No. 38,505.

184

Opinion filed March 2, 1936.

IRVING GREENSPAHN and HARRY J. MYERSON, both of Chicago, for appellant; DAVID H. KRAFT, of Chicago, of counsel.

SABATH, PERLMAN, GOODMAN & REIN, of Chicago, for appellee; THEODORE E. REIN, ISIDORE GOODMAN and MORRIS L. KILMNICK, all of Chicago, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

In an action of assumpsit plaintiff, on January 16, 1935, filed an amended declaration averring the liability of defendant under a written guaranty whereby

defendant and 44 other persons guaranteed the payment of bonds to the amount of $200,000 issued by the Congregation Anshe Emes, February 11, 1926, to the Greenebaum Sons Investment Co. for a loan of that amount. The declaration set up the guaranty verbatim, a description of the bonds, the trust deed conveying real estate to secure the same, and averred the defaults of the maker and the liability of defendant to the extent of $5,000, the amount to which under the terms of the guaranty his liability was limited.

Defendant filed a plea of the general issue and special pleas that the guaranty was without consideration; that he did not make and deliver the guaranty; that plaintiff was without power or capacity to purchase or receive the bonds, to contract with defendant for the supposed guaranty, or to own or hold any of said bonds, and that under article 3, section 1, of the trust deed plaintiff was without right, power or capacity to institute the suit; that defendant by the terms of the guaranty was liable only in case a deficiency judgment should be entered after foreclosure, and that the action was brought prematurely; that under section 32, paragraph 162, chapter 32 of the Illinois Statutes then applicable, the Congregation Anshe Emes could borrow money only when authorized by a vote of the members thereof; that this loan was not so authorized and was void for that reason.

Plaintiff's declaration was verified by an agent duly authorized, who after setting up facts in detail as to the nature and cause of action, averred that there was due from defendant to plaintiff, after allowing all just set-offs, discounts and defenses, the sum of $5,000. In conformity, therefore, with the statute, the pleas of defendant were supported by an affidavit of merits purporting to disclose the substance of the defense to be interposed. There was no affidavit denying the signature of defendant to the written guaranty

and other written instruments upon which the suit was based, and that fact therefore stands admitted. On July 16, 1935, the court, on motion of plaintiff, struck the amended affidavit of merits, which defendant had filed in support of his pleas, for insufficiency; denied defendant leave to amend, entered his default for want of a plea, found that $5,000 was due and entered judgment on the finding. It is from that judgment that defendant has appealed.

Plaintiff makes the preliminary point that by reason of a stipulation to dismiss, the questions arising on the record are moot, and that the appeal should be dismissed, there being no real controversy between the parties. Plaintiff's views in that regard were presented upon its motion to dismiss, which was denied. The question has been once decided, and we shall not decide it again.

Defendant raises certain procedural points, which he insists compel a reversal, irrespective of the merits. These are to the effect that the court erred in striking the affidavit after the cause was at issue and had been noticed for trial; that the court was without jurisdiction to enter the judgment in vacation; that the previous order upon a similar motion to strike should have been set aside before the entry of the final order of July 16th. The contentions are without merit. The fact that the cause was at issue and had been noticed for trial could not, prior to the entry of final judgment, control the discretion of the court as to the sufficiency of the pleadings. *Shaw v. Dorris,* 290 Ill. 196; *Luther v. Mathis,* 211 Ill. App. 596; *Colfax Grain Co. v. Bradford,* 225 Ill. App. 419. Defendant cites rule 22 of the superior court, which is not at all controlling. The record does not disclose that the judgment was entered in vacation. There is no record showing that the court had adjourned, and as we understand the statute, the superior court of Cook county does not

adjourn for vacation in the technical sense. Ill. State Bar Stats. 1935, ch. 37, ¶ 85, sec. 4, p. 1079. Moreover, the record does not disclose any objection by defendant in the trial court for the reasons now urged. The proceedings seem to have been conducted according to the usual practice, and the court was not without jurisdiction.

The controlling question in the case is whether the court erred in striking the affidavit of merits filed by defendant in support of his pleas. The affidavit was in seven paragraphs, the contents of which will be noticed in connection with the several points urged by the respective parties with reference to its sufficiency.

Plaintiff concedes that the plea of the general issue supports the defenses asserted in the amended affidavit of merits, and that the affidavit states the ultimate facts relied upon by defendant with sufficient fullness; however, plaintiff contends that notwithstanding, the affidavit was in substance defective and that the averments of facts therein were not sufficient to constitute a legal defense to the cause of action set up in the declaration. For this reason it would seem that the objections put forth by defendant that the grounds of the motion to strike were not stated with sufficient particularity cannot be urged in this court. *Mutual Accident Ass'n v. Tuggle,* 138 Ill. 428; *People v. Greer College,* 302 Ill. 538.

It was under the statute obligatory on defendant by his affidavit of merits to show that he had a sufficiently good defense "on the merits to all or some part of the plaintiff's claim to entitle him to defend the action." Ill. State Bar Stats. 1935, ch. 110, sec. 57, ¶ 185, p. 2446. The rule, we think, was not otherwise under section 55 of the former Practice Act. Cahill's Ill. Rev. Stats. 1931, ch. 110, p. 2179. If the affidavit of merits discloses an issue for the jury, summary

judgment will be denied. Ill. State Bar Stats. 1935, ch. 110, sec. 57, ¶ 185. The burden in this respect is on defendant, although he seems to think otherwise, and the contract of guaranty which is set up in the declaration being unambiguous in its provisions, the rule of *"strictissimi juris"* will not be applied to its construction as defendant contends. Cases such as *Bruner v. Wolford*, 356 Ill. 514, are limited to guaranties, in which the language is of doubtful meaning. 28 Corpus Juris, sec. 81, pp. 936–7, and cases there cited.

It is suggested that the affidavit of merits stated a good defense by way of fraud and circumvention. This defense must be set up specially. There is no such plea by defendant. In absence thereof, even if it be conceded that the affidavit averred sufficient facts, the contention could not prevail. *Lyon v. White*, 214 Ill. App. 232; *Slack v. McLagan*, 15 Ill. 242; *Jones v. Albee*, 70 Ill. 34. Defendant undertakes to show that this rule is not applicable to the defense of "fraud and circumvention," which defense, he says, is admissible under the general issue. He cites *Benes v. Bankers Life Ins. Co.*, 282 Ill. 236; *Runyan v. Moon*, 267 Ill. App. 312, and other cases which we have examined, and we find that same do not sustain the proposition of law for which he contends. However, assuming the technical right to present this defense, we hold the facts averred in the affidavit of merits wholly insufficient to sustain it. These averments are found in the first paragraph of the affidavit and are to the effect that Greenebaum Sons Investment Co. promised that the guaranty would not become effective until all the officers and directors of the Congregation joined in the execution of it; that the Greenebaum Co. also promised that it would join in such execution and affix its signature as a party and agreed to cancel and nullify the instrument if the conditions were not ful-

filled. The affidavit says that all of the officers and directors did not sign; that the investment company did not sign. Whatever may be the force of these allegations upon the question later considered of the delivery of the guaranty, they signally failed to allege fraud and circumvention, for the reason that the essential averment of the false statement as to an existing fact is wanting. The allegations all look to the future and are promissory, and, if true, show at the most unkept promises, and these are averred only in general terms and by way of conclusions quite insufficient as an answer to the specific writings and averments with reference thereto which are set up in the declaration. We hold the affidavit wholly insufficient in this respect. *Gage v. Lewis,* 68 Ill. 604; *Luttrell v. Wyatt,* 305 Ill. 274; *Brodsky v. Frank,* 342 Ill. 110. Illustrative of this point, the names of other officers who were said to have signed are not set up in the affidavit, while these names, 44 in number, appear in the document set up in the declaration. The defense of fraud and circumvention is, we hold, not presented on this record.

The second paragraph of the affidavit of merits undertakes to set up facts showing a want of consideration as averred in the plea. Defendant cites cases, such as *Bullen v. Morrison,* 98 Ill. App. 669; *Erzinger v. Gerrity,* 271 Ill. App. 450; *Matthiessen v. Duntley,* 307 Ill. 36, and similar cases, which seem to hold that it is sufficient to aver want of consideration merely as a conclusion. Plaintiff points out, however, that while it is true that merely formal recitals, such as "for value received," a "good and valuable consideration," or "the receipt of one dollar in hand paid," are always subject to explanation or denial, these differ from cases where, as here, in preliminary recitals the consideration is described. The guaranty in this case provides that the investment company is about to make

the loan "in contemplation of and in reliance upon and in consideration of the guaranty by the parties of the first part." Plaintiff contends that the cases cited by defendant are inapplicable to such a situation and also where it appears from the declaration that actual payment or performance of the consideration is admitted by defendant. The contract here shows that the investment company agreed to accept the bonds and that it actually accepted them. This is not denied by the affidavit. Under such circumstances, the bare denial as a conclusion that there was consideration cannot avail because it amounts to asserting nothing. When, as here, the making of a guaranty is simultaneous with the execution of the principal contract, the one consideration is sufficient for both parts of the transaction. 28 Corpus Juris 917; 12 R. C. L. 1077; *Foley v. Friestedt,* 178 Ill. App. 636. Under the pleadings here there is in substance an admission that a valuable consideration was received and paid for the guaranty, and a denial only by way of conclusion in the face of such admission cannot avail.

The affidavit also avers, without stating facts from which the truth of the conclusion averred may be determined, that plaintiff is not the owner of the guaranty, but that averment amounts only to the assertion of a conclusion of law, which creates no issue for the jury. The bonds, it will be remembered, are payable to bearer. 8 Corpus Juris 934; *Thompson v. Johnson,* 202 N. C. 817, 164 S. E. 357; *Feulner v. Gillam,* 211 Ill. App. 348; *H. & E. Holding Co. v. W. A. Davis Lumber Co.,* 229 Ill. App. 409; *Witting v. Claras,* 274 Ill. App. 449.

The affidavit also avers that "plaintiff was wholly without corporate power or capacity to purchase, accept, or own or hold any of the bonds or enter into the alleged contract of guaranty." Defendant says that the provisions of the Business Corporation Act of

1933 are not pertinent, citing *Roche Pharmacy v. Campus Pharmacy*, 280 Ill. App. 542, and Cahill's Ill. Rev. St. 1933, ch. 32, sec. 163, ¶ 158 (5). In support of his contention that the doctrine of ultra vires is applicable, he cites *Calumet & Chicago Canal & Dock Co. v. Conkling*, 273 Ill. 318; *Mercantile Trust Co. v. Kastor*, 273 Ill. 332; *Knass v. Madison & Kedzie State Bank*, 354 Ill. 554; *Awotin v. Atlas Exchange Nat. Bank*, 275 Ill. App. 530, and *Culhane v. Swords Co.*, 281 Ill. App. 185. That the power to borrow money was not ultra vires in the sense used in these cases decided under the Corporation Act of 1919 is apparent from an examination of *Peoria Life Ins. Co. v. International Life & Annuity Co.*, 246 Ill. App. 38; *Independent Order of Svithiod v. Ring Lodge No. 8*, 261 Ill. App. 289; *Hall v. Woods*, 325 Ill. 114. Moreover, the cases are to the effect that irrespective of the liability of the principal obligor, the guarantor is held liable. *Ashley Wire Co. v. Illinois Steel Co.*, 164 Ill. 149; *Holm v. Jamieson*, 173 Ill. 295; *Beebe v. Kirkpatrick*, 321 Ill. 612; *Bank of Plant City v. Canal-Commercial Trust & Savings Bank*, 270 Fed. 477 (C. C. A. 5th Circuit). We hold that the affidavit does not set up any valid defense under the doctrine of ultra vires.

Defendant in his affidavit denies the right of plaintiff as owner of the bonds to bring this action at law, basing such contention on article 3, sec. 1 of the trust deed, which contains the usual clause found in such documents, vesting in the trustee a prior right to bring any action to enforce its provisions. Identical provisions have been held in numerous cases not to preclude a suit at law by the owner of the bond. *Schatzkis v. Rosenwald & Weil*, 267 Ill. App. 169; *Gauss v. Simon*, 268 Ill. App. 196; *Oswianza v. Wengler & Mandell, Inc.*, 273 Ill. App. 239, affirmed in 358 Ill. 302.

The affidavit also questions the right of plaintiff to accelerate the maturity of that portion of the bonds, which by their terms had not matured. The defense is not available or pertinent, since defendant's liability was limited to only $5,000, the guaranty covered each of the bonds, and bonds to much more than the amount of $5,000 in fact matured prior to the bringing of the suit.

It is also averred in the affidavit that the action was premature because a deficiency decree had not been entered prior to the commencement of the suit, and defendant says that the entry of such decree was a condition precedent to the right to begin suit. The language of the guaranty as set up in the declaration is clearly to the contrary. The covenant for the payment of the deficiency provides, ". . . but this covenant shall not limit or qualify the other remedies which may be pursued under this guaranty." Other provisions of the guaranty are that the guarantors "jointly and severally guarantee the prompt payment of said temporary bond and of each and all of said definitive bonds and the interest thereon, when due, . . . as completely and effectually as if said guaranty had been made by them, and each of them, in writing upon each of said bonds and interest coupons," and further, "and they do hereby waive presentment for payment, notice of nonpayment or dishonor, diligence in collection and all formalities legally required to charge them, or any of them, with liability," and further that "recovery may be had against them or any of them, either in such action or in any independent action without exhausting any remedy or claim against the said Congregation Anshe Emes." The amended declaration sets up that after the filing of the original declaration, there was a foreclosure proceeding against the Congregation Anshe Emes, and that a deficiency of $145,947.18 was found to be due,

The only question which appears to be worthy of serious consideration is that raised by the averment of the affidavit that the delivery of the contract was conditional. In this respect the averment is that the guaranty was conditional, in that it was not to become binding until executed by additional parties. Defendant cites *Beall v. Jones,* 211 Ill. App. 336; *Sugar v. Marinello,* 260 Ill. App. 85; *Biederman v. O'Conner,* 117 Ill. 493; *Kunkle v. Johnson,* 268 Ill. 442; *Bell v. McDonald,* 308 Ill. 329. Defendant urges that as held in the *Bell v. McDonald* case, evidence tending to show an agreement for conditional delivery does not contradict the terms of the writing but merely tends to show that it was never delivered as a valid contract. Here, the averment of the affidavit is, in substance, that Greenebaum Sons Investment Co. promised defendant that if he would sign, it would procure all the officers and directors of the Congregation to sign also, and that defendant's signature would not be binding upon him until such other signatures were obtained; that defendant signed the instrument upon these express conditions and understandings and gave the same to the investment company to enable it to procure these other signatures and the investment company to also sign and execute the instrument as a party of the second part, "and, upon the express condition that said instrument would not be binding or operative upon the defendant, or delivered to the said Greenebaum Sons Investment Co., as a binding obligation of defendant, unless and until all of the aforesaid terms and conditions were performed." The affidavit avers that the other signatures were not obtained, and that there was therefore no complete delivery for that reason.

The allegation that Greenebaum Sons Investment Co. would obligate itself to pay to itself a loan made by itself, is certainly unusual and unique. The decisions cited go very far, but it is evident that there must be

a limit or qualification somewhere if the sanctity of written contracts is to be maintained. Plaintiff concedes that conditional delivery may be shown outside the language of the contract, and that such proof does not necessarily contradict or vary its terms by parol. It contends, however, that where the contract on its face denies the existence of any such condition, or where by necessary implication such condition is impossible, then to permit parol proof to the contrary would not only vary but destroy the agreement. The contract of guaranty set up in the declaration here describes the parties to it and definitely classifies them. The 45 individuals are all named as parties of the first part. The position of defendant amounts to the assertion of the right, notwithstanding this written provision of the contract, to show an independent, outside, verbal agreement to the effect that other parties, whose names are not mentioned in the affidavit of merits, were to sign before liability could be incurred. This, as plaintiff points out, would in effect amount to writing additional promisors into the agreement and to that extent, remake the contract. The contract describes the guarantors as "members" of the Congregation. It does not mention "officers and directors." The trust deed set up in the declaration also recites that the prompt payment of "the within bond" "has been guaranteed by certain of the members of the Congregation Anshe Emes." The trust deed is incorporated in the contract of guaranty by reference, and the guarantors expressly agree that they have knowledge of all the terms of the trust deed. The affidavit of merits avers as a conclusion that the guarantors were induced to enter into the obligation "at the instance of Greenebaum Sons Investment Company." This is contrary to the express recital of the written contract which states that the guarantors "to induce the making of said loan and the acceptance of said bonds, are willing to make said guaranty." None of

these averments could be disproved by parol evidence, nor without utterly disregarding the parol rule could the court upon the trial permit the introduction of parol evidence tending to show the facts averred. In none of the cases cited, nor in any other case of which we are aware, have the courts of this State held such evidence to be admissible under such circumstances. In *Northwestern Consol. Milling Co. v. Sloan,* 232 Ill. App. 266, the court held parol evidence admissible to show that in a contract for the delivery of flour the phrase "within four months" was by agreement of the parties before the delivery of the contract to be changed to read "as needed." This was upon the theory that the contract had not been finally completed when the agreement to change was made, the court, however, expressing the opinion "that there is not much left of the parol evidence rule."

The cases were reviewed in the later case of *Handley v. Drum,* 237 Ill. App. 587, from which we quoted with approval in the later case of *Tegtmeyer v. Nordlund,* 259 Ill. App. 247, as follows: ·

"It is elementary that the defendant could not show by parol, even as against the payee of the note, that the parties had an understanding that the contract in fact was conditional. It is a fundamental part of the law of contracts, to which there are very few exceptions, that a party to a written contract may not contradict the terms of that contract by parol. But it is equally well established that such a party may show that the contract claimed to exist was in fact never fully executed,—that although it was signed by him, he never delivered it or that there was merely a conditional delivery and that the condition has failed. In so doing, the written terms of the contract are not varied by parol but the showing made is merely to the effect that the contract never was completely executed."

In Restatement of Contracts, vol. 1, ch. 4, sec. 102, it is said:

"A promise under seal is delivered unconditionally when the promisor puts it out of his possession with the apparent intent to create immediately a contract under seal, unless the promisee then knows that the promisor has not such actual intent."

Section 228 of chapter 9 says:

"An agreement is integrated where the parties thereto adopt a writing or writings as the final and complete expression of the agreement. An integration is the writing or writings so adopted."

Section 237:

"Except as stated in secs. 240, 241, the integration of an agreement makes inoperative to add to or to vary the agreement all contemporaneous oral agreements relating to the same subject-matter; and also, unless the integration is void, or voidable and avoided, all prior oral or written agreements relating thereto. If either void or voidable and avoided, the integration leaves the operation of prior agreements unaffected."

Section 241 provides, in substance, that where the parties orally agree before or contemporaneously with the making of the writing, that it shall not become binding until the happening of a future event, the oral agreement is operative *if there is nothing in the writing inconsistent therewith.* Here all the writings are entirely inconsistent with the assertion of the affidavit that there was a conditional delivery. As a matter of fact, the uncontradicted averments of the declaration (which must, therefore, be assumed to be true) show an unconditional delivery, and oral evidence would not be admissible to prove the contrary.

Defendant argues an abuse of judicial discretion because the court refused leave to file a third affidavit of merits. The general rule is otherwise. *Bradley v. Progressive Metal & Refining Co.,* 205 Ill. App. 552;

*Harris v. Willis,* 209 Ill. App. 401. No particular circumstances appear which would make this case an exception to the general rule.

It is impossible to read carefully the entire pleadings without coming to the conviction that defendant has no defense either technical or meritorious. Defendant has argued this case upon the theory that section 55 of the act in relation to practice and procedure approved June 3, 1907, is applicable (Cahill's Ill. Rev. St. 1931, ch. 110, sec. 55, p. 2179). As a matter of fact, section 57 of the Civil Practice Act (Ill. State Bar Stats. 1935, ch. 110, p. 2446), under rule 1 of the Supreme Court, must be applied. *Bulger v. Bulger,* 282 Ill. App. 629 (Abst.). Under section 57 the former remedy by way of summary judgment has been very much extended. McCaskill's Ill. Practice Act, Anno., Art. 7, pp. 134–43. Section 55 of the former Practice Act differs much from section 57 of the Civil Practice Act. The primary purpose of section 55 was to disclose to the plaintiff the nature of the defense to be interposed. The primary purpose of section 57 of the Civil Practice Act is to enable the court to determine whether there is an issue of fact which should be tried. In *Dwan v. Massarene,* 192 N. Y. S. 577, the Appellate division of the Supreme Court, construing a similar section, said:

"The defendant must show that he has a bona fide defense to the action, one which he may be able to establish. It must be a plausible ground of defense, something fairly arguable and of a substantial character. This he must show by affidavits or other proof."

Rule 15 of our Supreme Court provides, in substance, that the affidavits of a defendant in a proceeding of this kind "shall not consist of conclusions but of such facts as would be admissible in evidence." Under this rule the affidavit here submitted is wholly insufficient. The court did not err in striking the affi-

davit of merits and entering a summary judgment for defendant.

The judgment is therefore affirmed.

*Affirmed.*

McSurely, P. J., concurs.

O'Connor, J., specially concurring: I agree with the result reached and what is said in the foregoing opinion, but prefer the statement of the Parol Evidence Rule as found in section 275, 1 Greenleaf on Evidence, 13th ed., and other authorities, to section 237, above quoted from Volume 1 of Restatement of the Law on Contracts.