Clara D. Oakley, Appellee, v. United Finance Corporation, Described Herein as Money Corporation, Appellant.

**Gen. No. 39,647.**

Opinion filed January 10, 1938. Rehearing denied January 24, 1938.

HEILE, CAVENDER, MILCHRIST & KAISER, of Chicago, for appellant.

HARRY R. CHAPMAN, of Chicago, for appellee; WILLIAM E. RAFFERTY, of Chicago, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

In an action to recover the value of certain shares of stock in the Aetna Acceptance Company of the par value of $7,600 and upon trial by jury, the court, at the close of all the evidence, denied a motion of the defendant to instruct in its favor and granted the motion of plaintiff for an instructed verdict in the sum of $9,365, overruled the motion of defendant for a new trial, and entered judgment on the verdict. The defendant has appealed.

The action was based upon two sections of two statutes: First, section 28 of the General Corporation Act of 1919 as amended (Cahill's Ill. St. 1931, ch. 32, ¶ 28), and second, section 37 of the Illinois Securities Act, "Blue Sky Law" (Smith-Hurd's Ill. Rev. Stats. 1935, ch. 121½, § 97, subd. 4, page 2086; Ill. State Bar Stats. 1935, ch. 32, ¶ 255; Jones Ill. Stats. Ann. 13.02).

It is contended for reversal that the court erred in instructing for the plaintiff and in denying the motion of defendant for an instruction in its favor and in entering judgment on the verdict.

The facts are not in dispute. The Aetna Acceptance Corporation was organized under the laws of Illinois and plaintiff was a holder of 76 shares of its preferred stock. The Money Corporation is also organized under the laws of the State of Illinois. Pending this litigation its name has been changed to the United Finance Corporation. Other defendants named were Gerald A. Rolfes, J. H. Sanderson, A. L. Kuehmsted, A. E. Beening, and F. W. Agate, agents and officers of the Money Corporation. The plaintiff, however, dismissed as to these.

December 27, 1932, defendant addressed a letter to the Aetna company proposing to purchase the assets of the Aetna company subject to liabilities other than capital stock and in payment therefor to cause to be issued and delivered a certificate for 10,136 shares of Class "A" common stock in defendant company. It was stipulated that the term "assets" should include cash in bank, notes and accounts receivable, cash on hand, furniture and equipment, choses in action and any and all other tangible or intangible property of the corporation other than the corporate franchise. January 16, 1933, this letter of December 27, 1932, was read at a meeting of the stockholders of the Aetna Acceptance Company at which more than two-thirds of all the stock issued and outstanding was represented and at which the plaintiff, Clara D. Oakley, was personally present. A resolution was introduced reciting that the board of directors recommended the proposal be accepted. The resolution was adopted. The president and the secretary of the corporation were authorized to consummate the sale in accordance with the proposal as submitted, provided that by the acceptance of the conveyance the Money Corporation should thereby become obligated to pay and discharge all liabilities of the Aetna corporation other than the capital stock liabilities. Written ballot was taken with the

result that the motion was carried by more than a two-thirds vote of all the stock issued and outstanding. Among those who voted in favor of the resolution was the plaintiff, Clara D. Oakley, who the record shows voted 76 shares.

On the same day plaintiff and the defendant corporation entered into a written contract reciting plaintiff's ownership of stock in the Aetna company, etc., and providing:

"Now, Therefore, this agreement witnesseth that in consideration of the sum of One Dollar ($1.00) each to the other in hand paid and the consent of Clara D. Oakley as a stockholder of the Aetna Acceptance Company to the sale of all of its assets to the Money Corporation, which consent is hereby expressly given, the said Money Corporation hereby agrees that upon the consummation of the sale of the assets of the Aetna Acceptance Company to the Money Corporation, the said Money Corporation will purchase from Clara D. Oakley her said 76 shares of Class 'A' preferred stock of the Aetna Acceptance Company, and in payment therefor, will deliver to said Clara D. Oakley Class 'B' preferred stock of the Money Corporation of a par value of $7,600.00 to wit, 152 shares of the par value of $50.00 each.

"It is further agreed between the parties that within ten days of the consummation of the sale of the assets of the Aetna Acceptance Company to Money Corporation and delivery to said Clara D. Oakley of stock of the Money Corporation, that the said Money Corporation will purchase of Clara D. Oakley 20 shares of the stock so delivered to her at a price of $1,000.00 in cash and that on August 1st, at the option of said Clara D. Oakley, will purchase a further 26 shares at a price of $1,000.00 provided that Clara D. Oakley shall give the Money Corporation thirty days of her option to sell." The instrument was under seal.

The certificate of the secretary of State shows that defendant corporation under date of April 2, 1930, qualified $200,000 of preferred stock of the par value of $50 per share and $75,000 of common stock, no par value, at $12.50 per share, for sale in Illinois as provided by the Illinois securities law, and that on February 13, 1933, the company submitted to the secretary of State a verified statement to the effect that it no longer desired to offer its securities for sale in Illinois. Since that date it appears the defendant company has not been authorized to sell its securities in this State. The secretary of State certifies that it appears from the records of his office that the last certificate of issuance of stock filed by the Money Corporation on December 26, 1932, showed the issuance of 12,953½ shares of preferred stock with a par value of $50 per share for which a consideration of $647,675 was received, and the issuance of 35,153½ shares of common stock, no par value, for which a consideration of $35,535 was received. It further appears the defendant corporation has not filed any statement of the issuance of stock since December 26, 1932.

On February 23, 1933, plaintiff in response to a call by 'phone went to the office of defendant corporation at 100 North LaSalle street, Chicago. At that time Mr. Rolfes and Mr. Nelson were present. She delivered to defendant corporation certificates for her 76 shares of stock in the Aetna Acceptance Company and received certificates for 132 shares of stock in defendant corporation and $1,000 in cash. More than two years thereafter, on June 5, 1935, plaintiff delivered to the defendant corporation, Messrs. Rolfes, Sanderson, Kuehmsted, Beening and Agate, a written demand reciting the purchase by her of the stock in the Money Corporation on February 23, 1933, stating she was the holder of certificate No. B–717 for 20 shares and certificate B–718 for 112 shares of preferred stock

of the corporation of the par value of $50 a share; that she elected to rescind the sale "and . . . purchase and to tender back these certificates," and demanded the sum of $6,800, plus interest, from February 23, 1933, less such sums of money as theretofore might have been paid to her as dividends thereon. She gave as a reason for the demand that defendant corporation had failed to comply with the statutes of the State of Illinois, and she demanded in addition $1,500 as her reasonable attorney's fee. The items allowed by instruction of the court (composing the entire amount for which judgment was entered) are as follows: Value of Aetna Acceptance Company stock, $6,600; interest on same $1,265; attorney's fees, $1,500; total $9,365.

The complainant argues the right to recover on two grounds: First, under section 28 of the General Corporation Act of 1919 as amended, Cahill's Ill. St. 1931, ch. 32, ¶ 28; second, under section 37 of the Securities Act ("Blue Sky Law") (Ill. Rev. Stat. 1937, ch. 121½, § 132; Jones Ill. Stats. Ann. 13.48). Section 28 of the General Corporation Act of 1919 was repealed by the enactment of the Business Corporation Act of July 1, 1933. Defendant contends that the repeal of the section bars any right of action, and this is the law in the absence of a saving clause. *Eaton v. Graham,* 11 Ill. 619; *Vance v. Rankin,* 194 Ill. 625; *Wall v. Chesapeake & O. Ry. Co.,* 290 Ill. 227; *South Carolina v. Gaillard,* 101 U. S. 433. Section 163 of the Business Corporation Act, Ill. Rev. Stat. 1937, ch. 32, § 157.163; Jones Ill. Stats. Ann. 32.167, expressly provides that the repeal of a law by that act should not affect any right accrued or established or any liability or penalty incurred under such law prior to the repeal of it. This section of the act was construed and held applicable in *Roche Pharmacy, Inc. v. Campus Pharmacy, Inc.,* 280 Ill. App. 542. Defendant, therefore, may not suc-

cessfully avail itself of the repeal. Section 28 of chapter 32 of the General Corporation Act, Cahill's Ill. St. 1931, ch. 32, ¶ 28, in substance provided that no issuance of stock subsequent to the granting of license or certificate of corporation or increase in capital stock should be lawful until the statement required by that section should have been filed in the office of the secretary of State and the fees of the secretary of State paid. It also provided that the person to whom any such stock was issued might, upon the failure of the issuer to file the certificate, recover from the corporation the amount paid on the stock, together with interest and his reasonable attorney's fees. The complaint in this case did not allege and plaintiff upon the trial did not offer any evidence tending to show that the stock sold to and received by plaintiff had not been previously reported to the secretary of State as issued. This provision of the statute was highly penal in its nature and should be strictly construed. We hold as a matter of law under the pleadings and the evidence, plaintiff could not recover upon this theory. If plaintiff was entitled to recover under section 28, she might, in addition to the sum paid by her, recover interest. But section 37 of the Blue Sky law does not permit interest to be recovered. *Stewart v. Brady,* 300 Ill. 425. It follows, therefore, that even if entitled to recover under section 37, the judgment is excessive to the amount of $1,265 allowed for interest.

Moreover, as the damages allowed were unliquidated (the evidence being such that reasonable men might draw different inferences therefrom) it was error for the court to give an instruction directing the jury to return a verdict in favor of plaintiff for a stated amount. *Phelps v. Columbia Phonograph Broadcasting System, Inc.,* 255 Ill. App. 294; *Ahlenius v. Bunn & Humphreys, Inc.,* 358 Ill. 155; *Borg v. International Silver Co.,* 11 F. (2d) 147. The stock, the value of

which plaintiff seeks to recover, had no market value, and its value was therefore largely a matter of opinion. This alone would compel a reversal of the judgment. We think, however, that by reason of a much more serious objection this judgment cannot stand. The contract for the sale of plaintiff's stock in the Aetna Acceptance Company was entered into January 16, 1933. The shares of stock were delivered February 23, 1933. The demand of plaintiff for restitution was not made until June 5, 1935. The complaint was filed June 30, 1935. Plaintiff's evidence as to the value of the Aetna stock tended to establish that value as of January 1, 1933. If defendant was liable at all, the value of the stock obtained from plaintiff should have been determined as on the date of delivery, which was February 23, 1933. There is no evidence in the record tending to show the true value of the stock of the corporation on that date. As a matter of fact, the evidence shows that on the date of delivery all the assets of the Aetna company except the franchise had been transferred to defendant corporation in exchange for 10,136 shares of Class ''A'' common stock of the National Money Corporation, and that this stock and its franchise constituted the entire assets of the Aetna corporation. There is no evidence whatsoever as to the value of these assets at that time. Moreover, section 37 of the Securities Act as a condition precedent to recovery requires that plaintiff rescind the contract of sale and tender to defendants the consideration received. The evidence shows that the real intention in the execution of the contract between plaintiff and defendant was that defendant might be relieved from the obligation imposed by section 73 of the Business Corporation Act (see Illinois Business Corporation Act Annotated, p. 265) to buy and pay for at an appraised price the stock of dissenting shareholders in cases where all or substantially all of the property

and assets of a corporation are sold. This sale was a part of the transactions by which these two corporations were merged. This whole transaction was of such a nature that the consideration could not be restored *in toto* in conformity with the rule announced in *Glen v. Dodson,* 347 Ill. 473. Moreover, plaintiff's cause of action under the Securities Act is based entirely upon the theory that this stock in defendant corporation was transferred to plaintiff upon a date when the defendant corporation was without license from the secretary of State to make a sale and was void at plaintiff's election for that reason alone. The certificate of the secretary of State shows that on February 13, 1933, the defendant corporation submitted a verified statement that it no longer desired to offer its securities for sale, and that it was from that date unauthorized to sell its securities. While the delivery of this stock was made February 23, 1933, 10 days thereafter, and the transaction was closed at that time, the contract for the exchange of securities was made January 16, 1933, and on that date defendant corporation was duly licensed to sell its stock. We are disposed to hold that the voluntary relinquishment of its license to sell by defendant corporation did not render illegal the consummation of a single transaction made in conformity with a prior contract executed when the corporation was duly licensed. We hold as a matter of law that plaintiff cannot recover and for that reason the judgment is reversed without remanding.

*Reversed.*

O'CONNOR, P. J., and McSURELY, J., concur.