Central States Cooperatives, Inc., Appellee, v. Watson
    Brothers Transportation Company, Inc., and Burl
    Cotton, Appellants.

Gen. No. 44,609.

NIEMEYER, J., dissenting.

Opinion
filed January 24, 1949. Rehearing denied February 4, 1949. Released
for publication February 4, 1949.

SHERWIN & SHERWIN, of Chicago, for appellants;
JULIUS L. SHERWIN and THEODORE R. SHERWIN, both
of Chicago, of counsel.

THOMAS G. McBRIDE, of Chicago, for appellee.

MR. PRESIDING JUSTICE FEINBERG delivered the opin-
ion of the court.

Plaintiff brought this action against defendants to
recover the reasonable rental value of premises de-
scribed in the lease acquired by plaintiff, in which

defendant Watson Bros. Transportation Company, Inc. was lessee. The complaint alleged, *inter alia,* that in conformance with the terms of the lease notice to terminate was given, and that following the expiration of the notice defendants wilfully, wrongfully and knowingly withheld possession of the premises from plaintiff, from October 1, 1946, until July 14, 1947; that the reasonable rental value of said premises was $1,868 per month; that defendants became liable for double that amount under ch. 80, par. 2, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 72.02]; that plaintiff was entitled to recover special items of damage specially set forth (which need not be considered upon this appeal); and that defendants have failed and refused to pay the said sums or any part thereof.

An answer was filed, admitting the claim of ownership of the premises by plaintiff and the terms of the lease; admitting the notice to terminate, but claiming as an affirmative defense that before the expiration of the notice of termination, the parties entered into an oral agreement of leasing from October 1, 1946, to June 30, 1947, at a monthly rent of $850 for such possession; that in consideration of said oral agreement, the lessee refrained from exercising the right granted in said lease to purchase said premises; that the lessee performed all of the terms and conditions required to be performed under said oral leasing *and has tendered rent due under said oral agreement,* and was thereby lawfully in possession of said premises; that plaintiff is entitled to the agreed rental value of $850 per month from October 1, 1946, to June 30, 1947, but denies that it is entitled to any reasonable rental value for the said period; that as to the period from July 1 to July 14, 1947, defendants admit that plaintiff is entitled to reasonable rental value for the said period, and that the reasonable rental value for said period be fixed by the court or jury; *that the lessee has tendered the agreed monthly rental of $850 per month to*

*plaintiff,* and that plaintiff has refused to accept the said tender of rent.

A written motion was filed for the entry of a partial judgment based upon the admission in the answer under paragraph 181 of the Practice Act, ch. 110, sec. 57, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 104.057]. Upon a hearing of said motion the court entered an order finding that plaintiff should recover the sums admitted by the defendant to be due to plaintiff, being the sum of $850 per month beginning October 1, 1946, to June 30, 1947, aggregating $7,650. It ordered judgment be entered for that amount, execution issue and reserved jurisdiction for future determination and adjudication ''the matter of the balance of plaintiff's demand claimed in the plaintiff's complaint for use and occupation,'' double rent, and for other damages set forth in the complaint in excess of said sum, and that the suit proceed as to said portion of plaintiff's demand in dispute. From this order defendant Watson Bros. Transportation Company, Inc., appeals.

The ground relied upon by defendant for reversal of the judgment is that the complaint seeks to recover on the basis of the reasonable rental value of the premises; that the defense interposed was the specific oral agreement, therefore there was no such admission of the plaintiff's claim by defendant's answer contemplated by the Practice Act. We think this position is untenable. Under the Practice Act, sec. 42 (2) [Ill. Rev. Stat. 1947, ch. 110, par. 166, subpar. (2); Jones Ill. Stats. Ann. 104.042, subpar. (2)], plaintiff was only required to plead such matters as shall reasonably inform the opposite party of the nature of the claim. The nature of plaintiff's claim was the use and occupation of the premises, whether it be on the basis of a reasonable amount, as claimed by plaintiff, or for a stipulated amount, as claimed by defendant. The answer admitted use and occupation and admitted it owed only the stipulated amount for rent. The reason-

able rental claimed by the complaint was more than the stipulated rent, but whichever the court ultimately might find upon a final hearing was the true basis of recovery, there can be no escape from the liability of defendant to pay the admitted amount. The cases cited by defendant in support of the proposition that a plaintiff can only have a judgment upon the claim made by the complaint, and not upon any other, are not applicable to this situation.

Section 33, par. 157, ch. 110, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 104.033], provides that pleadings shall be liberally construed with a view to doing substantial justice between the parties. Upon these pleadings the court was justified in the entry of the judgment, and accordingly it is affirmed.

*Affirmed.*

TUOHY, J., concurs.

NIEMEYER, J., dissents: Plaintiff's action is based on defendant's alleged wilful withholding of possession of the premises after the expiration of a pre-existing written lease. For this unlawful withholding of possession plaintiff seeks to recover double the reasonable rental value of said premises, which it alleges to be $1,868 per month. Defendant replies by proper allegations that it lawfully occupied the premises from October 1, 1946 to July 1, 1947, under an oral lease at $850 per month, the rental fixed in the former lease, which amounts had been tendered to plaintiff but refused by it, and that the reasonable rental value of the premises for the remaining 14 days of defendant's occupancy is not the amount claimed by plaintiff.

On this appeal we are concerned only with the defense of the defendant as to its occupancy of the premises to July 1, 1947. A summary judgment based on the pleadings was entered against defendant for $7,650, being $850 per month beginning October 1, 1946

to June 30, 1947, together with costs of suit, with a reservation of jurisdiction for "future determination and adjudication (of) the matter of the balance of plaintiff's demand claimed in plaintiff's complaint for use and occupation, double rent and for other damages set forth in the complaint in excess of the said sum . . ."

Plaintiff not only fails to claim rent under the oral lease, but denies the existence of such lease. The assertion of occupancy under the oral lease up to July 1, 1947, is a denial of the wilful withholding of possession after the expiration of the former lease, and, as plaintiff conceded on oral argument, the acceptance of rent under the oral lease would bar its action for the reasonable value for the use and occupation of the premises and for the penalty of double rental. On the trial of the issues thus presented, plaintiff's recovery would be limited to the allegations of its complaint, even though upon the theory of an oral lease, admitted by the plaintiff, it would be entitled in a proper action and under proper pleadings to recover such rent. In *Steinhauer v. Botsford,* 327 Ill. App. 296, decided by the Second Division of this court, plaintiff by his amended complaint sought to have a quitclaim deed declared a mortgage, alleging that the "said deed of conveyance, although appearing to be absolute on its face, was not intended to be such by said James A. Beeby and said Christine J. Botsford, but on the contrary the said parties then and there *orally agreed* that the same would be additional security for the mortgage indebtedness . . ." The court held that "The ultimate fact set forth therein was that the parties '*orally agreed*' that the quitclaim deed would be additional security for the mortgage indebtedness," and said (p. 302):

"Inasmuch as the only cause of action alleged in plaintiffs' amended complaint was that when Beeby exe-

cuted and delivered the quitclaim deed to defendant, he at the same time 'orally agreed' with her that said deed would be merely additional security for the mortgage indebtedness and since plaintiffs made no attempt to prove this cause of action, the trial court, instead of finding in its decree that 'the allegations of the amended complaint are true as therein stated,' should have sustained defendant's exceptions to the master's report and found that plaintiffs had failed to prove the aforesaid oral agreement and dismissed their amended complaint for want of equity. Citation of authorities is not necessary in support of the well established rule that a party to a suit, either at law or equity, cannot have relief under proofs without allegations, nor under allegations without proof in support thereof. (*Leitch v. Sanitary Dist. of Chicago,* 386 Ill. 433.) It is elemental that where a plaintiff fails to prove the cause of action made by his complaint he is not entitled to recover, although the facts actually proved would have entitled him to relief had his bill been framed upon a different theory. (*Oetting v. Graham,* 373 Ill. 247.)''

On a motion for summary judgment the rule of law limiting plaintiff's recovery to the allegations of the complaint prevails as in cases tried before court or jury sec. 57 of the Civil Practice Act, relating to summary judgments, and rules 15 and 16 of the Supreme Court supplementing the statutory provisions, are extensions of sec. 55 of the Practice Act of 1907 (*Chicago Title & Trust Co. v. Cohen,* 284 Ill. App. 181), extending the right to summary judgment in certain enumerated actions other than actions upon a contract, express or implied, and requiring, in lieu of the provisions of the former act, ''an affidavit or affidavits, on the affiant's personal knowledge of the truth of the facts upon which the complaint or counterclaim is based,'' or, as stated in rule 15, ''such facts as would be admissible in evidence.'' In *Cahn v. Northwestern*

*Mut. Life Ins. Co.,* 192 Ill. App. 172, plaintiff brought an action on a policy of life insurance and filed an affidavit of claim for $6,245.50, with interest; his declaration consisted of three special counts and the consolidated money counts; demurrers were filed to the first three counts; the plea of nonassumpsit was filed to the fourth count, with an affidavit of defense to the whole of plaintiff's demand under that count in which defendant asserted that no recovery could be had under the fourth count because, in effect, the claim made in the affidavit of claim was not one that can come under the statements of the fourth count, but that if the policy of insurance could be received in evidence under the fourth count, defendant could not be liable for more than $2,396.98, for reasons stated. The Appellate Court held that the first three counts could not be considered on the application for partial judgment; that defendant's position that the policy of insurance could not be introduced under the consolidated money count was rightly taken, and said (p. 181):

". . . it is insisted by appellee (plaintiff) that the court could, with the plea of the general issue and this affidavit still on file, treat the affidavit of defense as one 'to only a portion of the plaintiff's demand,' and the amount of $2,396.98 as not 'in dispute.' We do not think this was a correct construction of the statute. It is tantamount, as counsel for appellant say, to construing it as doing away with all requirements that a judgment must be responsive to the pleadings and issues in the case in which it is entered. . . .

"It never was meant to allow judgment on the consideration of affidavits by the court irrespective of the state of the pleadings, or to turn a denial of indebtedness under the pleadings into an 'admission' or 'confession' of judgment."

In *Ballard v. Trainor,* 285 Ill. App. 509, the Second Division of this court, in considering sec. 55 of the

former Practice Act, said (p. 520): "Defendant can prove only such defense as is stated in his affidavit of merits, but he cannot prove that or have a finding upon that unless he has a pleading appropriate to that defense." In reviewing a summary judgment entered under the present Practice Act, this court in *Chicago Title & Trust Co. v. Cohen, supra,* said (p. 188): "It is suggested that the affidavit of merits stated a good defense by way of fraud and circumvention. This defense must be set up specially. There is no such plea by defendant. In the absence thereof, even if it be conceded that the affidavit averred sufficient facts, the contention could not prevail." In *Gliwa v. Washington Polish Loan & Bldg. Ass'n,* 310 Ill. App. 465, this court said (p. 477): "Moreover, it is said the motion for summary judgment reopens the question of the sufficiency of the complaint. Defendant cites Shientag, 4 Fordham L. R., 186, 203; *Fuller v. General Accident Fire & Life Ins. Co.,* 224 Wis. 603, 272 N. W. 839, 842. We do not question the rule as stated." Under the complaint before us no recovery could be had for rent under an oral lease. Defendant's allegation of possession until July 1, 1947, under an oral lease, being inconsistent with and a denial of unlawful possession during that period, raised an issue of fact which cannot be decided on motion for summary judgment. *Soelke v. Chicago Business Men's Racing Ass'n,* 314 Ill. App. 336.

The judgment should be reversed and the issue of fact, as to whether defendant's possession of the premises to July 1, 1947, was lawful under a written lease or unlawful because of defendant's wilful holding over, should be tried.